# Exhibit A

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**

THREE AMIGOS HOLDINGS, INC.
8 The Green, Suite 12516
Dover, DE 19901

       *Plaintiff,*

   vs.

MAXBEN HOLDINGS, LLC
20 W 22nd Street, Suite 709
New York, NY 10010

Serve On: Idin Dalpour, Managing Director
20 W 22nd Street, Suite 709
New York, NY 10010

       *Defendant.*

**Index No. _____**

## <u>SUMMONS</u>

**TO THE ABOVE-NAMED DEFENDANT:**

      YOU ARE HEREBY SUMMONED and required to serve upon Plaintiff's attorneys your answering papers to the Motion within the time set forth within the Notice of Motion annexed hereto. In case of your failure to answer, judgment will be taken against you by default for the relief demanded in the Notice of Motion.

      The basis of the venue designated is the residence of Defendant, which is New York County.

September 18, 2023

[signature on following page]

Case 1:23-cv-08798-DLC   Document 1-1   Filed 10/06/23   Page 3 of 30

**SCHULMAN BHATTACHARYA, LLC**

By:     /s/ Koushik Bhattacharya

Jeremy W. Schulman (NYSB No. 2864494)
Koushik Bhattacharya (NYSB No. 5936000)
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852

and

3445 Winton Place, Suite 228
Rochester, New York 14623
Tel.: (240) 356-8550
Facsimile: (240) 356-8558
Email: jschulman@schulmanbh.com
        kbhattacharya@schulmanbh.com

*Counsel for Plaintiff*

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**

THREE AMIGOS HOLDINGS, INC.

*Plaintiff,*

vs.

MAXBEN HOLDINGS, LLC
Registered Agent: Harvard Business Services, Inc.
16192 Coastal Hwy
Lewes, Delaware 19958

Serve On: Idin Dalpour, Managing Director
20 W 22nd Street, Suite 709
New York, NY 10010

*Defendant.*

**Index No. 654562/2023**

## NOTICE OF MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

**PLEASE TAKE NOTICE** that, upon the Affirmation of Jason Daniel and its accompanying exhibits, and the accompanying memorandum of law, Plaintiff Three Amigos Holdings, Inc. ("Plaintiff"), will move this Court at 2:00 PM on the 23rd day of October, 2023 at the Courthouse at 60 Centre Street, New York, New York, 10007, or as soon thereafter as counsel may be heard, for an Order: (a) pursuant to CPLR 3213, granting Plaintiff's Motion for Summary Judgment in Lieu of Complaint against Defendant Maxben Holdings, LLC ("the Borrower") in the amount of $549,250.00 (plus interest, continuing interest, and attorneys' fees); (b) pursuant to CPLR 603(i), directing severance on the issue of Three Amigos' attorneys' fees for assessment purposes to be incorporated into a supplemental judgment so that immediate judgment can be entered on the principal sum; and (c) awarding any other relief as this Court deems just and proper.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to CPLR §§ 3213 and 320(a), answering papers, if any, shall be served upon the undersigned no later than seven days before the above-stated return date.

Dated: September 21, 2023

**SCHULMAN BHATTACHARYA, LLC**

By:  /s/ Jeremy W. Schulman

Jeremy W. Schulman (NYSB No. 2864494)
Koushik Bhattacharya (NYSB No. 5936000)
6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852

and

3445 Winton Place, Suite 228
Rochester, New York 14623
Tel.: (240) 356-8550
Facsimile: (240) 356-8558
Email: jschulman@schulmanbh.com
        kbhattacharya@schulmanbh.com

*Counsel for Plaintiff*

TO:  Maxben Holdings, LLC
c/o Managing Director Idin Dalpour
20 W. 22nd Street, Suite 709
New York, New York 10010

2

Case 1:23-cv-08798-DLC    Document 1-1    Filed 10/06/23    Page 6 of 30

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

THREE AMIGOS HOLDINGS, INC.
8 The Green, Suite 12516
Dover, DE 19901

        *Plaintiff,*

   vs.

MAXBEN HOLDINGS, LLC
20 W 22nd Street, Suite 709
New York, NY 10010

<u>Serve On</u>:
Registered Agent: Harvard Business Services, Inc.
16192 Coastal Hwy
Lewes, Delaware 19958

      *Defendant.*

**Index No. _____**

## AFFIRMATION OF JASON DANIEL IN SUPPORT OF PLAINTIFF THREE AMIGOS HOLDINGS, INC.'S MOTION FOR <u>SUMMARY JUDGMENT IN LIEU OF COMPLAINT</u>

STATE OF MARYLAND     )
                        ) ss.:
COUNTY OF MONTGOMERY  )

**JASON DANIEL**, being duly sworn, deposes and states as follows:

1.     I am the Managing Partner of Plaintiff Three Amigos Holdings, Inc. ("<u>Three Amigos</u>"), Plaintiff in this action, which is a Delaware corporation that maintains its principal place of business at 8 The Green, Suite 12516, Dover, DE 19901. As such, I am fully familiar with the facts and circumstances set forth herein. I submit this Affirmation in support of Plaintiff's Motion for Summary Judgment in Lieu of Complaint (the "<u>Motion</u>") against Defendant Maxben Holdings, LLC (the "<u>Borrower</u>").

2.      On or about August 1, 2022, Three Amigos loaned the Borrower the principal sum of $500,000.00, pursuant to the terms of a loan agreement (the "Loan"). A true and correct copy of the Loan is appended hereto as **Exhibit A**.

3.      The Loan required the Borrower to pay interest on the Loan's principal balance of $500,000.00 at the rate of 5% per annum and to make monthly interest payments to Three Amigos beginning on August 31, 2022 and until the Loan is paid in full. Ex. A at 1.

4.      The Loan set forth a maturity date of August 1, 2023, at which point the Borrower was required to repay the Loan's remaining principal balance in full. Ex. A at 1.

5.      The Borrower failed to pay the Loan by the maturity date.

6.      In an attempt to resolve the Borrower's outstanding debt of $535,000.00 due under the Loan, on or about August 17, 2023, Three Amigos and the Borrower agreed to enter into a Confidential Settlement Agreement and Mutual Release (the "Agreement"[1]). A true and correct copy of the Agreement is appended hereto as **Exhibit B**.

7.      Pursuant to the Agreement, the Borrower expressly acknowledged that had not "fully repaid" its debt to the Borrower due under the Loan, and, in return for Three Amigos' agreement to release its claims against the Borrower for breaching the Loan, the Borrower promised to "timely pay" Three Amigos the principal sum of $460,000.00 (the "Settlement Amount") in accordance with the Agreement's "new payment terms." Ex. B at 1; *id.* at §§ 2.1-2.2.

8.      The Agreement's payment terms are clear: the Borrower "shall pay" Three Amigos the amount of $135,000.00 "by August 31, 2023" (the "First Payment"). *Id.* at 6. The Agreement is equally clear that, if Borrower fails to remit the First Payment "in full" in an amount of time that

---

[1] Pursuant to the Agreement, the Borrower may disclose the terms of the Agreement "to the extent necessary to enforce its terms." Ex. B at § 2.3.

2

"exceeds 5 (five) business days" (the "First Grace Period"), or by September 7, 2023, the Borrower is required to immediately pay Three Amigos the First Payment, plus "a reasonable penalty of fifteen percent (15%) interest," or $20,250.00 (the "First Late Fee"), for a total payment of $155,250 due to Three Amigos on September 7, 2023 (the "First Penalty Payment").

9.      While the Agreement does not require Three Amigos to demand payment or to provide notice to the Borrower of the Borrower's failure to comply with the Agreement's payment terms, *see* Ex. B, on August 31, 2023, Three Amigos (through counsel) emailed the Borrower's counsel, Marshall Dworkin, Esq. ("Mr. Dworkin"), at Mr. Dworkin's email address set forth in the Agreement, to demand the First Payment. On August 31, 2023, Mr. Dworkin responded to Three Amigos' counsel via email and stated that, pursuant to the Agreement, the Borrower had "a 5-business day grace period" to make the First Payment "and an additional 5 business days to cure" any failure to timely make the First Payment by remitting the First Penalty Payment.

10.     The Borrower failed to remit the First Penalty Payment on September 7, 2023.

11.     Pursuant to the Agreement, upon the Borrower's failure to timely remit the First Penalty Payment within ten (10) business days of August 31, 2023, or by September 15, 2023 (the "Second Grace Period"), the Borrower was required to "immediately" pay Three Amigos the "entire balance of the Settlement Amount, together with fifteen percent (15%) interest on the total amount then outstanding." Ex. B at § 2.2. Accordingly, on September 15, 2023, the Borrower was required to pay Three Amigos the entire $460,000.00 Settlement Amount, plus the First Late Fee of $20,250 (which amounts to $480,250.00), together with 15% interest on the amount of $480,250.00 (or $72,037.50) (the "Second Late Fee"), for a total of $552,287.50 due to Three Amigos by September 15, 2023 (the "Final Payment"). Ex. B at §§ 2.1-2.2.

3

*see* Ex. B, on September 15, 2023, Three Amigos (through counsel) emailed Mr. Dworkin to demand the Final Payment.

13.     The Borrower failed to make the Final Payment on September 15, 2023.

14.     Upon executing the Agreement, which is governed by New York law, the Borrower expressly consented to the exclusive jurisdiction of the Courts of the State of New York to adjudicate any dispute arising from the Agreement. Ex. B at § 3.3. The Borrower further agreed to pay Three Amigos' attorneys' fees incurred in this action upon this Court's finding that Three Amigos is the "prevailing party." *Id.* at § 3.11.

15.     As of September 15, 2023, the Borrower is indebted to Three Amigos in the amount of $552,287.50, calculated as: $460,000.00 in unpaid principal due for the Settlement Amount; plus $20,250.00 due for the First Late Fee; plus $72,037.500 due for the Second Late Fee; plus Three Amigos' attorneys' fees, pursuant to the Agreement.

I hereby swear and affirm the above under penalty of perjury this 18th day of September, 2023.

Jason Daniel
Managing Partner of Three Amigos, Inc.

STATE OF MARYLAND
COUNTY OF Montgomery, to wit:

Sworn to and subscribed before me by Jason Daniel (affiant) on this 18th day of September, 20 23.

Signature of Notary Public
Notary Public
My Commission expires: April 06, 2025

ELIZABETH ANN PASTRAN
NOTARY PUBLIC
MONTGOMERY COUNTY
MARYLAND
My Commission Expires April 06, 2025

4

Case 1:23-cv-08798-DLC   Document 1-1   Filed 10/06/23   Page 10 of 30

# Agreement
## Maxben Holdings, LLC

This Binding Agreement ("Agreement") dated August 1, 2022, is between Maxben Holdings, LLC (the "Company") a Delaware limited liability company and Three Amigos Holdings, Inc. (the "Lender"), an individual and sets forth the Company and Lender's agreement and understanding as to the essential terms of the financing arrangement between the Company and the Lender (the "Loan"). This Agreement supersedes any prior Agreements or discussions regarding the Transaction. This Agreement is intended to create binding legal and contractual obligations of the parties with respect to matters set forth herein, and upon the breach by a party of its obligations in any material respect, the injured party shall have such rights and remedies with respect thereto as are available to it under applicable law.

| | |
|---|---|
| **LOAN AMOUNT** | $500,000 ("Loan Amount"). An additional $50,000 to be funded by August 1, 2022 |
| **LOAN DATE** | August 1, 2022 ("Loan Date") |
| **LOAN MATURITY** | August 1, 2023 ("Maturity Date") with a mutually agreed-upon renewal option. |
| **LOAN RETURN** | Lender will receive interest and fees equal to 5.00% of the Loan Amount. The first payment will be distributed on August 31, 2022 and will continue thereafter monthly until the Maturity Date. |
| **WITHDRAWAL TERMS** | Lender may request withdrawal of some or all the Loan Amount at any point after thirty (30) days from the Loan Date have passed with written request presented to Company thirty (30) days prior to the requested withdrawal date. Lender acknowledges that a withdrawal may take up to forty-five (45) days to complete. |
| | Lender acknowledges that Company |

INDEX NO. 654562/2023
RECEIVED NYSCEF: 09/18/2023

Case 1:23-cv-08798-DLC   Document 1-1   Filed 10/06/23   Page 11 of 30

MAXBEN ‖ HOLDINGS

|  | may return the Loan Amount, partially or in full, at any time prior to the Maturity Date with no penalty. Lender will receive the Loan Return until the day the funds are returned. If the funds returned are less than the full Loan Amount, the Agreement will be amended to reflect the decreased Loan Amount. |
|---|---|
| **USE OF PROCEEDS** | Company shall use the proceeds for general corporate purposes. |
| **MAXIMUM RATE** | In determining whether the interest contracted for, charged, or received by Lender exceeds the maximum rate permitted by law, Lender may (a) characterize any payment that is not principal as an expense, fee or premium rather than interest; (b) exclude voluntary prepayments and the effects thereof; and (c) amortize, prorate, allocate and spread in equal or unequal parts the total amount of interest throughout the contemplated term of the obligations hereunder |
| **REPRESENTATIONS/COVENANTS** | The Company is duly organized, validly existing and in good standing under the laws of the State of its organization and is qualified or licensed to do business and is in good standing in all jurisdictions in which such qualification or licensing is required |
|  | The Agreement has been duly authorized and constitutes legal, valid, and binding agreements and obligations of the Company, enforceable in accordance with its respective terms. |
|  | The Agreement will have been duly executed and delivered by the Company |

Case 1:23-cv-08798-DLC   Document 1-1   Filed 10/06/23   Page 12 of 30

MAXBEN ║ HOLDINGS

and is a legal, valid, and binding obligation of the Company.

The Company has good title to its assets, which are not subject to any liens or security interests. The Company shall not mortgage, pledge, grant or permit to exist a security interest in or lien upon any of its assets, whether now owned or hereafter acquired.

**GOVERNING LAW**               Delaware

**JURISDICTION**                Non-exclusive jurisdiction of the state and federal courts in Delaware, at the mutual election of Lender and Company.

**MISC**                        All understandings, representations and agreements heretofore had with respect to this Agreement are merged into this Agreement which alone fully and completely expresses the agreement of the Company and Lender. This Agreement may not be modified, amended, waived, extended, changed, discharged, or terminated, but only by an agreement in writing signed by the party against whom enforcement is sought.

SIGNATURE PAGE TO FOLLOW

MAXBEN ║ HOLDINGS

Case 1:23-cv-08798-DLC   Document 1-1   Filed 10/06/23   Page 13 of 30

MAXBEN ║ HOLDINGS

**LENDER: Three Amigos Holdings, Inc.**

DocuSigned by:

*Jason Daniel*

B05216C4FF14443...

_____

_____

_____

Member Name(s)

Jason Daniel

_____

_____

_____

8/1/2022

_____

DATE

**Maxben Holdings, LLC**

DocuSigned by:

29133326C9BD0404...

_____

Idin Dalpour
Managing Director

8/1/2022

_____

DATE

MAXBEN ║ HOLDINGS

## CONFIDENTIAL SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Confidential Settlement Agreement and Mutual Release ("Settlement Agreement") is between Three Amigos Holdings, Inc. ("Lender") and Maxben Holdings, LLC ("Maxben").

WHEREAS, LENDER and MAXBEN had a contractual relationship since approximately August 1, 2020, under which the LENDER loaned MAXBEN certain sums that have not been fully repaid;

WHEREAS, LENDER contends MAXBEN is in breach of the loan agreement and owes $535,000 in principal and accumulated interest but has agreed to resolve this matter for $460,000 pursuant to the payment plan detailed below;

WHEREAS, MAXBEN disputes that it owes LENDER $535,000 in principal and accumulated interest, but agrees to resolve this matter for $460,000 pursuant to the payment plan detailed below ("Settlement Amount");

WHEREAS, to avoid the costs, burdens, and inconvenience of litigation, LENDER and MAXBEN (the "Parties") have agreed to resolve their disputes consistent with the new payment terms of this Settlement Agreement, under which timely payment is in return for the release of breach of contract claims LENDER have against Maxben;

NOW, THEREFORE, and in consideration of the terms and conditions set forth herein, the Parties agree to settle their disputes on the following terms:

**1.0    DEFINITIONS:** The capitalized terms used in this Settlement Agreement have the following meanings for purposes of this Settlement Agreement only:

1.1.    "Settled Matters" mean any and all past, present, or future claims, counterclaims demands, actions, causes of action, and liability, including but not limited to damages, prejudgment and statutory interest, expense, costs, statutory penalties, or attorney fees, whether known or unknown, asserted or unasserted, that arise under, relate to, or concern the payments owed and/or the loans at issue between LENDER and MAXBEN, with the exception of any action to enforce the terms of this Settlement Agreement.

**2.0    CONSIDERATION:** In consideration of the mutual promises set forth in this Settlement Agreement and for other good and valuable consideration, receipt and sufficiency of which is hereby acknowledged, LENDER and MAXBEN agree as follows:

2.1    Payment. MAXBEN shall pay LENDER the Settlement Amount in the amounts and at the times listed in Attachment A. The monthly payments shall be made payable in accordance with the wire instructions attached hereto as Attachment B. Maxben shall, in its sole and absolute discretion, prepay any of the payments set forth in Attachment A without penalty.

2.2    Late Payment or Non-Payment. Aside from the payment owed on August 31, 2023, full payment of amounts owed in Attachment A are due on the fifteenth (15th) day

of every month. If a payment due date falls on a weekend or a bank holiday, the payment due date will be the next available business day.

If failure to pay in full exceeds 5 (five) business days (the "Grace Period"), a reasonable penalty of fifteen percent (15%) interest of the amount owed that month to LENDER will be added to the total amount owed for that month only.

If failure to pay in full exceeds 10 (ten) business days, the entire balance of the Settlement Amount is due immediately, together with fifteen percent (15%) interest on the total amount then outstanding, excluding any payments that have already been penalized for failing to cure within the Grace Period.

2.3   Confidentiality. The terms of this Settlement Agreement, the amount of the Payment contained in this Settlement Agreement, and the negotiations leading up to them, including any drafts of this Settlement Agreement, shall be kept confidential, and not disclosed by LENDER or MAXBEN, or their respective counsel, or their principals, either directly or indirectly, except as expressly provided in this paragraph. Disclosure of the amount of the Payment shall be permitted to those legal or business consultants of LENDER and MAXBEN who reasonably need to know the information in order to provide their services to the disclosing entity; the entity retaining such consultants shall be liable under this Settlement Agreement for any subsequent disclosure by such consultants. Disclosure shall also be permitted upon receipt of a subpoena with notice to the other party for the opportunity to file any motion to quash or for protection, upon order of a court, or as required or requested by a governmental department, body or agency. LENDER and MAXBEN also may disclose the terms of this Settlement Agreement, including the amount of the Payment contained in this Settlement Agreement, to the extent necessary to enforce its terms.

2.4   LENDER Release. Upon receipt of the full Settlement Amount, LENDER hereby releases and forever discharges Maxben and its principal form any and all Settled Matters.

2.5   MAXBEN Release. Upon payment by MAXBEN of the Settlement Amount, MAXBEN hereby releases and forever discharges the LENDER from any and all Settled Matters.

2.6   Complete Bar Other Than To Enforce Settlement Agreement. Upon payment of the full Settlement Amount, the release in this Settlement Agreement shall forever be a complete bar to the commencement or prosecution of any action or proceeding by LENDER or MAXBEN for the Settled Matters, with the exception of any action to enforce the terms of this Settlement Agreement.

**3.0   GENERAL TERMS:**

3.1   Change or Modification. No change or modification to this Settlement Agreement shall be binding unless it is in writing and executed by both LENDER and

3350808v2

MAXBEN. For the avoidance of doubt, this excludes agreements by email. There are no verbal understandings between the Parties with respect to the terms of this Settlement Agreement.

3.2     Legal and Other Costs. LENDER and MAXBEN will each pay their own legal and other costs and expenses incident to this Settlement Agreement, including legal and other costs and expenses incurred.

3.3     Governing Law, Jurisdiction, and Venue. This Settlement Agreement shall be construed with the laws of the State of New York. All parties to this Settlement Agreement consent to the exclusive jurisdiction of the courts of the State of New York for any dispute arising under or relating to this Settlement Agreement.

3.4     Authority to Enter into Settlement. LENDER and MAXBEN and their undersigned representatives hereby represent and warrant that they are authorized to bind the entities on whose behalf they enter into this Settlement Agreement. LENDER and MAXBEN further warrant and represent that the claims, suits, rights and/or interests which are the subject matter of this Settlement Agreement are owned by the Party asserting the same and have not been assigned, transferred, or sold and are free of encumbrance.

3.5     Effective Date. This Settlement Agreement shall be effective upon the execution of the Settlement Agreement by LENDER and MAXBEN.

3.6     Compromise of Disputed Claims. This Settlement Agreement is a compromise of disputed claims. The terms and conditions of this Settlement Agreement and the negotiations leading up to it are not to be construed as an admission of liability or wrongdoing by LENDER or MAXBEN. LENDER and MAXBEN acknowledge that this Settlement Agreement is entered into in good faith and for no collusive purpose. The Parties further recognize and agree that neither the settlement memorialized by this Settlement Agreement, nor the fact of the settlement itself, constitutes precedent of any sort for the resolution of any other claim, dispute or lawsuit brought by any party against the Parties being released in this Settlement Agreement. Neither of the Parties shall be considered to be a prevailing party as a result of this settlement.

3.7     Provision Void or Unenforceable Should any provision of this Settlement Agreement be found to be void or unenforceable, it shall be severed, and the remainder of the Settlement Agreement will remain in full force and effect, and shall be interpreted to give effect to the intent of both LENDER and MAXBEN as expressed in the Settlement Agreement to the maximum extent permitted by law. Moreover, the void or unenforceable part of the Settlement Agreement will be modified to the extent necessary to render it valid and enforceable, preserving to the fullest extent permissible the intent of the Parties set forth in this Agreement.

3.8     Binding Effect.  Notwithstanding anything else in this Settlement Agreement, LENDER and MAXBEN intend to be bound by this Settlement Agreement, and its provisions are binding upon each of them, their principals, and their respective successors, assigns, attorneys and any other representatives.

3.9     Notice.  When any of the Parties desire to give notice to the other, such notice must be in writing.  Such notice, as well as any and all questions regarding monthly payments, adherence to this agreement, or terms addressed herein, shall be directed to the following:

> For LENDER
>
> > Koushik Bhattacharya, Esq.
> > Schulman Bhattacharya, LLC
> > 6116 Executive Boulevard, Suite 425
> > North Bethesda, Maryland 20852
> > kbhattacharya@schulmanbh.com
>
> For MAXBEN
>
> > James P. Chou, Esq.
> > Marshall O. Dworkin, Esq.
> > Moritt Hock & Hamroff, LLP
> > 1407 Broadway, Suite 3900
> > New York, New York 10018
> > jchou@moritthock.com
> > mdworkin@moritthock.com

3.10    Non-Disparagement  The Parties agree that they and their principals, officers, directors, employees, and/or agents will not make any disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the other party or its attorneys, representatives, affiliates, directors, officers, principals, employees, or agents.  For the purpose of this paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character, or product quality of the person or entity to which the communication relates.

3.11    Enforcement of Agreement/Attorney's Fees  In any legal proceeding to enforce this Agreement, the prevailing party shall be awarded its reasonable attorneys' fees and expenses from the non-prevailing party.  A prevailing party is defined as a party in whose favor a final judgment is rendered by a Court of competent jurisdiction.

*[This space has been left intentionally blank]*

3350808v2

Signed this _16_ day of August, 2023
by:

By: Idin Dalpour
For: Maxben Holdings, LLC


Signed this _17_ day of August, 2023
by:

By: Jason Daniel
For: Three Amigos Holdings, Inc.


Signed this _17_ day of August, 2023
by:

By: Scott Tucker
For: Three Amigos Holdings, Inc.


Signed this _17_ day of August, 2023
by:

By: Cheyne Kilbourne
For: Three Amigos Holdings, Inc.

3350808v2

## ATTACHMENT A

1) MAXBEN shall pay **LENDER** $135,000.00 by August 31, 2023.

2) MAXBEN shall pay LENDER $75,000.00 by September 15, 2023.

3) **MAXBEN** shall pay **LENDER** $50,000.00 by the 15th day of each subsequent month (beginning October 2023) until **LENDER** is paid a total of $460,000.00

**SUPREME COURT OF THE STATE OF NEW YORK**
**NEW YORK COUNTY**

THREE AMIGOS HOLDINGS, INC.
8 The Green, Suite 12516
Dover, DE 19901

        *Plaintiff,*

   vs.

MAXBEN HOLDINGS, LLC
20 W 22nd Street, Suite 709
New York, NY 10010

<u>Serve On</u>:
Registered Agent: Harvard Business Services, Inc.
16192 Coastal Hwy
Lewes, Delaware 19958

        *Defendant.*

Index No. _____

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF**
**THREE AMIGOS HOLDINGS, INC.'S MOTION FOR**
<u>**SUMMARY JUDGMENT IN LIEU OF COMPLAINT**</u>

**SCHULMAN BHATTACHARYA, LLC**

6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
3445 Winton Place, Suite 228
Rochester, New York 14623
Telephone: (240) 356-8550
Facsimile: (240) 356-8558
E-mail: kbhattacharya@schulmanbh.com

*Counsel for Plaintiff Three Amigos Holdings, Inc.*

Case 1:23-cv-08798-DLC Document 1-1 Filed 10/06/23 Page 21 of 30

Plaintiff Three Amigos Holdings, Inc. ("Three Amigos" or "Plaintiff"), by and through undersigned counsel, respectfully submits this memorandum of law in support of its motion (the "Motion") for an order: (a) pursuant to CPLR 3213, granting summary judgment in favor of Three Amigos and against Defendant Maxben Holdings, LLC (the "Borrower"); (b) pursuant to CPLR 603(i), directing severance on the issue of Three Amigos' attorneys' fees for assessment purposes to be incorporated into a supplemental judgment so that immediate judgment can be entered on the principal sum; and (c) awarding any further relief as this Court deems just and proper.

## PRELIMINARY STATEMENT[1]

This action arises from the Borrower's undisputed failure to pay Three Amigos a single dollar of the principal amount of $460,000.00, plus accumulated interest and fees, due under a Confidential Settlement Agreement and Mutual Release executed by and between Three Amigos and the Borrower on or about August 17, 2023 (the "Agreement").[2]

As recited in the Agreement itself, Three Amigos agreed to enter into the Agreement when the Borrower failed to repay a loan from Three Amigos in the original principal amount of $500,000.00, pursuant to the terms of a loan contract between Three Amigos and the Borrower dated August 1, 2022 (the "Loan").[3] The Agreement is clear: Borrower promised to "timely pay" the Borrower the principal amount of $460,000.000 (the "Settlement Amount") in accordance with the Agreement's unambiguous "payment terms,"[4] which required the Borrower to make its first

---

[1] Three Amigos respectfully directs this Court to the Affidavit of Jason Daniel (hereinafter, the "Daniel Aff.") filed herewith for a recitation of the facts and contracts demonstrating Three Amigos' entitlement to judgment as a matter of law. Unless otherwise indicated, capitalized terms herein are used within the same manner and meaning as in the Daniel Aff.

[2] Daniel Aff. ¶¶ 6-15 & Ex. B (the "Agreement").

[3] Daniel Aff. ¶¶ 2-6 & Ex. A (the "Loan") at 1; Ex. B at 1.

[4] Daniel Aff. ¶ 7 & Ex. B at 1.

2

$135,000.00 payment to Three Amigos by August 31, 2023 (the "First Payment").[5] Upon the Borrower's failure to remit the First Payment within five (5) business days (the "First Grace Period"), the Borrower was required to remit the First Payment, plus "a reasonable penalty" of 15%, or $20,250.00 (the "First Late Fee"), for a total of $155,250 due to Three Amigos by September 7, 2023 (the "First Penalty Payment").[6] The Borrower failed to make the First Penalty Payment.[7]

Pursuant to the Agreement, upon the Borrower's failure to make the First Penalty Payment within ten (10) business days of August 31, 2023 (the "Second Grace Period"), the Borrower was required to pay Three Amigos the entire $460,000.00 Settlement Amount, plus the First Late Fee of $20,250 (which amounts to $480,250.00), together with 15% interest on the amount of $480,250.00 due under the Agreement (or $72,037.50) (the "Second Late Fee"), for a total of $552,287.50 due to Three Amigos by September 15, 2023 (the "Final Payment").[8]

The Borrower has failed to remit any portion of the Final Payment; accordingly, there are no possible factual issues for this Court to resolve. Three Amigos respectfully submits that it is entitled to judgment as a matter of law against the Borrower in the amount of $552,287.50 for the Borrower's undisputed failure to remit the Final Payment due under the Agreement—which qualifies as an instrument for the payment of money only— and further requests that this Court

---

[5] Daniel Aff. ¶ 8 & Ex. B at §§ 2.1 & 2.4.

[6] *Id*.

[7] Daniel Aff. ¶ 10.

[8] Daniel Aff. ¶ 11 & Ex. B at §§ 2.1-2.2.

3

award Three Amigos its attorneys' fees incurred in this action upon finding that Three Amigos has prevailed, as required by the Agreement's "prevailing party" provision.[9]

## UNDISPUTED FACTS

Three Amigos respectfully direct this Court to the Affidavit of Jason Daniel, Three Amigos' agent, for the facts and instruments that mandate judgment as a matter of law in favor of Three Amigos.

## ARGUMENT

I. **Three Amigos is Entitled to Summary Judgment Pursuant to CPLR 3213.**

A. **The Agreement is an Instrument for the Payment of Money Only.**

Pursuant to CPLR 3213, "when an action is based upon an instrument for the payment of money only [], the plaintiff may serve with the summons a notice of motion for summary judgment and the supporting papers in lieu of a complaint." *Cooperatieve Centrale Raiffeisen-Boerenleenbank, B.A. v. Navarro*, 25 N.Y.3d 485, 491, 36 N.E.3d 80, 84 (2015) (quoting CPLR 3213). A settlement agreement qualifies as "an instrument for the payment of money only" where, as here, the settlement agreement contains an unconditional promise to pay a sum certain over a stated period of time. *See J.D. Structures, Inc. v. Waldbaum*, 282 A.D.2d 434, 435, 723 N.Y.S.2d 205, 206 (2d Dep't 2001) (reversing trial court's denial of 3123 motion and reasoning: "The appellant established that the respondents failed to make the payments required by the settlement agreement, which is an instrument for the payment of money only").

Upon executing the Agreement, the Borrower unconditionally promised to pay Three Amigos the Settlement Amount in the sum certain of $460,000.00, plus interest and fees, in accordance with the Agreement's unambiguous "payment terms" set forth in "Attachment A."

---

[9] Daniel Aff. ¶ 14 & Ex. B at § 3.11.

4

Daniels Aff. ¶¶ 7-8 & Ex. B at §§ 2.1-2.2. The Borrower breached the Agreement's payment terms by failing to remit the First Payment on August 31, 2023, and has remained in (recurring) default ever since by refusing to pay the Final Payment. Daniels Aff. ¶¶ 7-15.

As the Agreement qualifies as an instrument for the payment of money only and the Borrower's failure to make its contractually required payments is undisputed, Three Amigos is entitled to seek summary judgment from this Court pursuant to the expedited procedure set forth in CPLR 3213. *See Waldbaum*, 282 A.D.2d at 435; *see also Cooperatieve*, 25 N.Y.3d at 492.

### B. Three Amigos is Entitled to Judgment Against the Borrower in the Amount Requested.

A plaintiff seeking summary judgment on an "instrument for the payment of money only" establishes its *prima facie* entitlement to judgment as a matter of law by submitting the instrument and an affidavit of nonpayment. *See I.P.L. Corp. v. Indus. Power & Lighting Corp.*, 202 A.D.2d 1029, 1029, 609 N.Y.S.2d 472, 472–73 (4th Dep't 1994). A defendant can only defeat summary judgment in the face of such a showing by "com[ing] forward with evidentiary proof showing the existence of a triable issue of fact with respect to a bona fide defense" to its nonpayment of the instrument. *See Wehle v. Moroczko*, 151 A.D.3d 1846, 1846–47, 57 N.Y.S.3d 322, 323 (4th Dep't 2017); *see also Cooperatieve*, at 492. Three Amigos easily satisfies its burden, and the Borrower cannot fulfill its own.

The plain and unambiguous terms of the Agreement, coupled with the undisputed facts (admitted by the Borrower upon executing the Loan and the Agreement) that the Borrower received $500,000.00 in loan funds from Three Amigos pursuant to the Loan and has failed to repay its outstanding debt of $460,000.00 to Three Amigos due under the Agreement, establish Three Amigos' *prima facie* entitlement to judgment as a matter of law. Those instruments and undisputed facts establish that:

5

(i)      pursuant to the Loan, the Borrower: a) agreed to pay Three Amigos the principal amount of $500,000 by the maturity date of August 1, 2023; and b) agreed to pay interest on the remaining principal balance each month at the rate of 5% per annum; (*see* Daniel Aff. ¶¶ 2-3 & Ex. A at pp. 1-2);

(ii)     pursuant to the Agreement, the Borrower: a) expressly acknowledged that the Loan remained "unpaid;" b) agreed to pay Three Amigos the Settlement Amount of $460,000.00 in exchange for Three Amigos' release of its breach of contract claims against the Borrower for its nonpayment of the Loan; c) agreed to remit the First Payment of $135,000.00 to Three Amigos by August 31, 2021, and, upon its failure to timely remit the First Payment; d) agreed to remit the First Penalty Payment of $155,250 to Three Amigos by September 7, 2023, and, upon its failure to timely remit the First Penalty Payment; e) agreed to pay the First Late Fee of $20,250.00, plus the Settlement Amount of $460,000.00, plus the Second Late Fee of $72,037.50, to Three Amigos by September 15, 2023 (the "Final Payment"); and f) agreed to pay Three Amigos' attorneys' fees incurred in this action upon this Court's finding that Three Amigos is the "prevailing party" in this action (*see* Daniel Aff. ¶¶ 7-15 & Ex. B §§ 2.1; 2.2; 3.11); and

(iii)    no portion of the Settlement Amount or the Final Payment has been paid, and, as of September 15, 2023, the Borrower is indebted to Three Amigos in the total amount of $552,287.50, calculated as: $460,000.00 in unpaid principal for the Settlement Amount; plus $20,250.00 for the First Late Fee; plus $72,037.50 for the Second Late Fee (calculated as 15% interest on the $480,250.00 due under the

6

Case 1:23-cv-08798-DLC   Document 1-1   Filed 10/06/23   Page 26 of 30

Agreement); plus Three Amigos' attorneys' fees, pursuant to the Agreement. (*see* Daniel Aff. ¶¶ 13, 15).

Three Amigos has undisputedly established its entitlement to judgment as a matter of law. Three Amigos respectfully requests that this Court enter judgment in favor of Three Amigos and against the Borrower in the amount of $549,250.00, plus legal fees to be determined upon submission.

## CONCLUSION

For the aforementioned reasons, this Court should GRANT Three Amigos' motion for summary judgment against the Borrower in the amount of $552,287.50 and as to liability only against the Borrower for Three Amigos' claim for attorneys' fees; direct severance of Three Amigos' claim for attorneys' fees for assessment purposes, so that immediate judgment may be entered on the principal sum; and award any further relief as this Court deems just and proper. This Court should additionally schedule a hearing at its earliest convenience to determine the amount of attorneys' fees and expenses to which Three Amigos is entitled.

September 18, 2023

[signature on following page]

7

Respectfully submitted,

**SCHULMAN BHATTACHARYA, LLC**

By:     /s/ Koushik Bhattacharya
        _____

        Jeremy W. Schulman (NYSB No. 2864494)
        Koushik Bhattacharya (NYSB No. 5936000)
        6116 Executive Boulevard, Suite 425
        North Bethesda, Maryland 20852

        and

        3445 Winton Place, Suite 228
        Rochester, New York 14623
        Tel.: (240) 356-8550
        Facsimile: (240) 356-8558
        Email: jschulman@schulmanbh.com
               kbhattacharya@schulmanbh.com

*Counsel for Plaintiff*

## <u>WORD COUNT CERTIFICATION</u>

I certify that the foregoing memorandum of law complies with the word-count limitation in Rule 17 of the Rules of Practice for the Commercial Division (22 NYCRR § 202.70 (g)) because it contains 1,619 words, exclusive of the cover page and signature block. In making this certification, I rely on the word-count feature of Microsoft Word, which was used to prepare the document.

/s/ Koushik Bhattacharya
_____

8

FILED: NEW YORK COUNTY CLERK 09/18/2023 05:35 PM
NYSCEF DOC. NO. 1
INDEX NO. 654562/2023
RECEIVED NYSCEF: 09/18/2023

# REQUEST FOR JUDICIAL INTERVENTION

**SUPREME** COURT, COUNTY OF **MONROE**

UCS-840
(rev. 11/24/2022)

Index No: _____     Date Index Issued: _____

| For Court Use Only: |
| --- |
| IAS Entry Date |
| |
| Judge Assigned |
| |
| RJI Filed Date |

**CAPTION**     Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

THREE AMIGOS HOLDINGS, INC.

Plaintiff(s)/Petitioner(s)

-against-

MAXBEN HOLDINGS, LLC

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**     Check only one box and specify where indicated.

**COMMERCIAL**
- ⦿ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (*specify*): _____
  **NOTE:** *For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the **COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C)**.*

**TORTS**
- ○ Adult Survivors Act
- ○ Asbestos
- ○ Environmental (*specify*): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (*specify*): _____
- ○ Other Negligence (*specify*): _____
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ Child-Parent Security Act (*specify*): ○ Assisted Reproduction ○ Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration     [see **NOTE** in **COMMERCIAL** section]
- ○ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (*specify*): ○ Initial ○ Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (*specify*): _____
- ○ Other Special Proceeding (*specify*): _____

**MATRIMONIAL**
- ○ Contested
  **NOTE:** *If there are children under the age of 18, complete and attach the* **MATRIMONIAL RJI ADDENDUM (UCS-840M)**.
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (**UD-13**).*

**REAL PROPERTY**     Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (*specify*): ○ Residential ○ Commercial
  Property Address: _____
  **NOTE:** *For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the* **FORECLOSURE RJI ADDENDUM (UCS-840F)**.
- ○ Partition
  **NOTE:** *Complete and attach the* **PARTITION RJI ADDENDUM (UCS-840P)**.
- ○ Tax Certiorari (*specify*): Section: _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property (*specify*): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution   [see **NOTE** in **COMMERCIAL** section]
- ○ Emergency Medical Treatment
- ○ Habeas Corpus
- ○ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (*specify*): _____

**STATUS OF ACTION OR PROCEEDING**     Answer YES or NO for every question and enter additional information where indicated.

| | YES | NO | |
| --- | --- | --- | --- |
| Has a summons and complaint or summons with notice been filed? | ⦿ | ○ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ○ | ⦿ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ⦿ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**     Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice     Date Issue Joined: _____
- ⊗ Notice of Motion     Relief Requested: _____     Return Date: _____
- ○ Notice of Petition     Relief Requested: _____     Return Date: _____
- ○ Order to Show Cause     Relief Requested: _____     Return Date: _____
- ○ Other Ex Parte Application     Relief Requested: _____
- ○ Partition Settlement Conference
- ○ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ○ Writ of Habeas Corpus
- ○ Other (specify): _____

**RELATED CASES**  List any related actions.  For Matrimonial cases, list any related criminal or Family Court cases.  If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

**PARTIES**  For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants For represented parties, provide attorney's name, firm name, address, phone and email.  For unrepresented parties, provide party's address, phone and email. | Issue Joined For each defendant, indicate if issue has been joined. | Insurance Carriers For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|
| ☐ | Name: Three Amigos Holdings, Inc. Role(s): Plaintiff | Koushik Bhattacharya, Esq., Schulman Bhattacharya LLC,3445 Winton Place, Suite 228 Rochester, New York 14623, (240) 356-8550, kbhattacharya@schulmanbh.com | ◯ YES  ◯ NO | |
| ☐ | Name: Maxben Holdings, LLC Role(s): Defendant | Marshall Dworkin, Esq., Moritt Hock & Hamroff LLP,1407 Broadway 39th floor, New York, NY 10018, (212) 239-2000, mdworkin@moritthock.com | ◯ YES  ⊗ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |
| ☐ | Name: Role(s): | | ◯ YES  ◯ NO | |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: _____**09/18/2023**_____

/s/ Koushik Bhattacharya
_____
Signature

**NYSB No. 5936000**
_____
Attorney Registration Number

**Koushik Bhattacharya**
_____
Print Name

Case 1:23-cv-08798-DLC   Document 1-1   Filed 10/06/23   Page 30 of 30

UCS-840C
3/2011

SUPREME COURT OF THE STATE OF NEW YORK

COUNTY OF **New York**
—————————————————————————————x

THREE AMIGOS HOLDINGS, INC.

                Plaintiff(s)/Petitioner(s)

  -against-

MAXBEN HOLDINGS, LLC

              Defendant(s)/Respondent(s)
—————————————————————————————x

Index No. _____

RJI No. (if any) _____

## COMMERCIAL DIVISION
**Request for Judicial Intervention Addendum**

**COMPLETE WHERE APPLICABLE** [add additional pages if needed]:

**Plaintiff/Petitioner's cause(s) of action** [check all that apply]:

[X] Breach of contract or fiduciary duty, fraud, misrepresentation, business tort (e.g. unfair competition), or statutory and/or common law violation where the breach or violation is alleged to arise out of business dealings (e.g. sales of assets or securities; corporate restructuring; partnership, shareholder, joint venture, and other business agreements; trade secrets; restrictive covenants; and employment agreements not including claims that principally involve alleged discriminatory practices)

[ ] Transactions governed by the Uniform Commercial Code (exclusive of those concerning individual cooperative or condominium units)

[ ] Transactions involving commercial real property, including Yellowstone injunctions and excluding actions for the payment of rent only

[ ] Shareholder derivative actions — without consideration of the monetary threshold

[ ] Commercial class actions — without consideration of the monetary threshold

[ ] Business transactions involving or arising out of dealings with commercial banks and other financial institutions

[ ] Internal affairs of business organizations

[ ] Malpractice by accountants or actuaries, and legal malpractice arising out of representation in commercial matters

[ ] Environmental insurance coverage

[ ] Commercial insurance coverage (e.g. directors and officers, errors and omissions, and business interruption coverage)

[ ] Dissolution of corporations, partnerships, limited liability companies, limited liability partnerships and joint ventures — without consideration of the monetary threshold

[ ] Applications to stay or compel arbitration and affirm or disaffirm arbitration awards and related injunctive relief pursuant to CPLR Article 75 involving any of the foregoing enumerated commercial issues — without consideration of the monetary threshold

**Plaintiff/Petitioner's claim for compensatory damages** [exclusive of punitive damages, interest, costs and counsel fees claimed]:

$ 552,287.50 _____

**Plaintiff/Petitioner's claim for equitable or declaratory relief** [brief description]:

N/A

**Defendant/Respondent's counterclaim(s)** [brief description, including claim for monetary relief]:

N/A

**I REQUEST THAT THIS CASE BE ASSIGNED TO THE COMMERCIAL DIVISION. I CERTIFY THAT THE CASE MEETS THE JURISDICTIONAL REQUIREMENTS OF THE COMMERCIAL DIVISION SET FORTH IN 22 NYCRR § 202.70(a), (b) AND (c).**

Dated: _____
      09-18-2023

/s/ Koushik Bhattacharya
_____
             **SIGNATURE**

**Koushik Bhattacharya**
_____
           **PRINT OR TYPE NAME**