UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

THREE AMIGOS HOLDINGS, INC.,

        *Plaintiff,*

v.

MAXBEN HOLDINGS, LLC,

        *Defendant.*

**Case No. 1:23-CV-08798-DLC**

---

# MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT

 

**THOMPSON & SKRABANEK, PLLC**
42 W. 38th Street, Suite 1002
New York, New York 10018
(646) 568-4280
*Attorneys for Defendant Maxben Holdings, LLC*

## **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ................................................................................................. 3

**LEGAL STANDARD** ................................................................................................................ 3

**ARGUMENT** ............................................................................................................................. 5

**A.    PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ON THE ISSUE OF DAMAGES.** ................................................................................................ 5

    1.   Plaintiff's motion for summary judgment should be denied because there exists a triable issue as to whether the parties intended the "Late Payment or Non-Payment" remedy provision in the settlement agreement to be providing for an election of remedies. .............. 5

    2.   Plaintiff's application of the acceleration clause and double late payment fees constitutes an unenforceable penalty. ................................................................................................ 7

    3.   Defendant should be granted a continuance of this motion to conduct limited discovery on the issue of whether the parties understood the "Late Payment or Non-Payment" provision in the Settlement Agreement to be providing for an election of remedies. ............................ 8

**CONCLUSION** ........................................................................................................................ 9

Defendant Maxben Holdings, LLC ("Maxben" or "Defendant"), by and through its attorneys, Thompson & Skrabanek, PLLC, submits the following Memorandum of Law in opposition to Plaintiff Three Amigos Holdings, Inc.'s, ("Plaintiff") motion for summary judgment in lieu of complaint ("Motion").

## PRELIMINARY STATEMENT

On or about August 17, 2023, Defendant entered to a Confidential Settlement Agreement (hereinafter "Agreement") with Plaintiff. Exhibit B to *Motion* (ECF No. 1). Defendant concedes that it has failed to make certain payments required under the Agreement. However, Plaintiff's Motion should be denied on the issue of damages because there exist triable issues of material fact regarding whether the late payment or non-payment provision in the Agreement supports the total amount of damages Plaintiff seeks in this Motion, and whether Plaintiff's interpretation of this provision constitutes unenforceable penalty.

## LEGAL STANDARD

"Upon removal to federal court, a New York C.P.L.R. section 3213 motion for summary judgment in lieu of complaint is converted to a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." *Portruch & Daab, LLC v. Braunstein*, No. 19-CV-760 (JMA), 2020 WL 127579, at *1 (E.D.N.Y. Jan. 10, 2020) (citing *Beaufort Capital Partners LLC v. Oxysure Sys., Inc.*, No. 16-CV-5176, 2017 WL 913791, at *2 (S.D.N.Y. Mar. 7, 2017)).

Summary judgment should be granted only if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant must demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 321-22 (1986). "Importantly, the judge's function is not [ ] to weigh the evidence and determine the truth of the matter or determine a witness's credibility. Rather, [t]he

3

inquiry performed is the threshold inquiry of determining whether there is the need for a trial." *Brice v. Wal-Mart Stores E., LP*, No. 20-CV-01644 (NSR), 2022 WL 861515, at *2 (S.D.N.Y. Mar. 23, 2022) (internal quotations omitted). The "fundamental maxim" remains that on a motion for summary judgment the court cannot try issues of fact; it can only determine whether there are issues to be tried. *Heyman v. Com. & Indus. Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir. 1975) (internal citations omitted).

"Where an issue as to a material fact cannot be resolved without observation of the demeanor of witnesses in order to evaluate their credibility, summary judgment is not appropriate." Fed. R. Civ. P. 56(e) Advisory Committee Note (1963). The "[e]valuation of ambiguous acts" is a task "for the jury," not for the judge on summary judgment. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 75 (2d Cir. 2001) (quoting *Gallagher v. Delaney*, 139 F.3d 338, 347 (2d Cir. 1998). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). ). The court's role in deciding a motion for summary judgment "is to identify factual issues, not to resolve them." *Jasco Tools, Inc. v. Dana Corp.*, 574 F.3d 129, 156 (2d Cir. 2009).

In particular, "to establish a prima facie case under CPLR § 3213, a plaintiff must offer proof of "the instrument and a failure to make the payments called for by its terms. […]. Once the plaintiff establishes a prima facie case, the burden shifts to the defendant to "offer [ ] evidentiary proof sufficient to raise a triable issue of fact." *Dye v. Kopiec*, No. 16 CIV. 2952 (LGS), 2016 WL 7351810, at *2 (S.D.N.Y. Dec. 16, 2016) (citing *Weissman v. Sinorm Deli, Inc.*, 669 N.E.2d 242, 245 (1996).

Entry of summary judgment is inappropriate where there exists a genuine and material issue of fact. *Liberty Lobby*, 477 U.S. at 247-248. Substantive law defines which facts are material and disputes over facts that might affect the outcome of the case will defeat summary judgment. *Id.* at 24, 106 S. Ct. at 2510. A factual dispute is genuine if a "reasonable jury could return a verdict for the non-moving party." *Id.* All inferences to be drawn from the underlying facts and evidence must be viewed in the light most favorable to the non-moving party. *Early v. Champion Int'l Corp.*, 907 F.2d 1077, 1080 (11th Cir. 1990). There is a genuine dispute whether the late payment or non-payment provision in the settlement agreement provides for an election of remedies, permitting Plaintiff to charge only one late fee of 15%, whether Plaintiff's alternative understanding of this provision constitute unenforceable penalty. Thus, a grant of summary judgment in favor of Plaintiff is inappropriate for the total sum of money Plaintiff seeks.

## ARGUMENT

**A.   PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT SHOULD BE DENIED ON THE ISSUE OF DAMAGES.**

**1.   Plaintiff's motion for summary judgment should be denied because there exists a triable issue as to whether the parties intended the "Late Payment or Non-Payment" remedy provision in the settlement agreement to be providing for an election of remedies.**

Section 2.22 of the Agreement states as follows:

> Late Payment or Non-Payment. Aside from the payment owed on August 31, 2023, full payment of amounts owed in Attachment A are due on the fifteenth (15th) day of every month. If a payment due date falls on a weekend or a bank holiday, the payment due date will be the next available business day.
>
> If failure to pay in full exceeds 5 (five) business days (the "Grace Period"), a reasonable penalty of fifteen percent (15%) interest of the amount owed that month to LENDER will be added to the total amount owed for that month only,

5

> If failure to pay in full exceeds 10 (ten) business days, the entire balance of the Settlement Amount is due immediately, together with fifteen percent (15%) interest on the total amount then outstanding, excluding any payments that have already been penalized for failing to cure within the Grace Period.

Exhibit B to *Mot.*, at § 2.22 (emphasis added).

Defendant does not dispute that it has not paid the Settlement Amount by September 15, 2023, and that its failure to pay exceeds 10 (ten) business days from when the First Payment was due, i.e., August 31, 2023. While Defendant further concedes that this scenario could be used to trigger the acceleration clause provided in the third paragraph of section 2.22, it does not permit Plaintiff to charge double penalties of 15% interest.

But Plaintiff's Motion alleges that the late payment or non-payment provision of the Settlement Agreement permits it to apply 15% interest on the first payment of $135,000.00 if Defendant fails to pay the same within five (5) business days of August 31, 2023. Then, according to Plaintiff's Motion, when Defendant fails to pay the First Payment and the first late payment fee within ten (10) business days of August 31, 2023, Defendant is "required to pay Three Amigos the entire $460,000.00 Settlement Amount, plus the First Late Fee of $20,250 (which amounts to $480,250.00), together with 15% interest on the amount of $480,250.00 (or $72,037.50) (the "Second Late Fee"), for a total of $552,287.50 due to Three Amigos by September 15, 2023 (the "Final Payment"). Ex. B at §§ 2.1-2.2." *See Mot.* ¶ 11. This interpretation plainly contradicts the language in the Agreement that an accelerated amount should "*exclude[e] any payments that have already been penalized for failing to cure within the Grace Period.*" Exhibit B, at §2.22.

In contrast to the clear language in the Agreement, the Motion advances an untenable position that the two alternative late fee remedies envisaged in the Agreement can be applied in a cumulative manner: first impose a 15% interest on the first settlement payment, then charge

6

another 15% interest on the total settlement amount inclusive of the first late fee payment. Plaintiff does not cite to any authority to support this interpretation of the Agreement nor does the affidavit attached to the Motion establish that Defendant has agreed to the application of double late payment fees. *See HGCD Retail Servs., LLC v. 44–45 Broadway Realty Co.*, 37 A.D.3d 43, 49–50, 826 N.Y.S.2d 190 (1st Dept 2006) ("[a] commercial agreement, of course, should not be interpreted in a commercially unreasonable manner or contrary to the reasonable expectations of the parties"); *ING Real Est. Fin. (USA) LLC v. Park Ave. Hotel Acquisition LLC*, 26 Misc. 3d 1226(A), 907 N.Y.S.2d 437 (Sup. Ct. New York Co. 2010).

The correct measure of damages for Defendant's failure to remit payment within ten (10) business days of August 31, 2023, should be as follows: the entire balance of the Settlement Amount ($460,000.00) *plus* 15% interest on the total amount then outstanding ($72,037.50) then *minus* any payments that have already been penalized for failing to cure within the Grace Period (i.e. $20,250.00). This sum equals $511,787.50 in contrast to Plaintiff's alleged sum of $552,287.50.

2.   **Plaintiff's application of the acceleration clause and double late payment fees constitutes an unenforceable penalty.**

New York's courts distinguish between liquidated damages, which are valid, and penalties, which are unenforceable. *LG Cap. Funding, LLC v. Accelera Innovations, Inc.*, No. 17CV1460DLIST, 2018 WL 5456670, at *9 (E.D.N.Y. Aug. 13, 2018) (citing *See Spirit Locker, Inc. v. EVO Direct, LLC*, 696 F. Supp. 2d 296, 305 (E.D.N.Y. 2010). "A contractual provision fixing damages in the event of breach will be sustained if the amount liquidated bears a reasonable proportion to the probable loss and the amount of actual loss is incapable or difficult of precise estimation." *Truck Rent-A-Ctr., Inc. v. Puritan Farms 2nd, Inc.*, 41 N.Y.2d 420, 424, 361 N.E.2d 1015, 1018 (1977). If, however, the amount fixed is plainly or grossly disproportionate to the

7

probable loss, the provision calls for a penalty and will not be enforced. *Id. citing Equitable Lumber Corp. v. IPA Land Dev. Corp.*, 38 N.Y.2d 516, 518, 344 N.E.2d 391, 393 (1976).

To distinguish between enforceable liquidated damages and unenforceable penalties, courts typically look to: "(1) whether actual damages are difficult to determine; and (2) whether the amount of damages contractually provided for are clearly disproportionate to the potential loss." *See J.R. Stevenson Corp. v. Cty. of Westchester*, 493 N.Y.S.2d 819, 822-24 (N.Y. App. Div. 1985). "If damages are ascertainable, or if the contractual damages are manifestly disproportionate, then the provision is an unenforceable penalty." *LG Cap. Funding*, 2018 WL 5456670, at *9.

Here, Plaintiff's interpretation of the late payment or non-payment clause in the parties' Agreement is unenforceable because it is manifestly disproportionate to Plaintiff's contractual damage and the liquidated damages provision which Defendant agreed to. The Agreement provides for two alternative scenarios whereby (i) a delay of five business days triggers 15% interest fee or (ii) a delay of 10 business days triggers an acceleration of the total balance due plus a 15% interest fee on the full settlement amount then outstanding but minus any payments already penalized. Yet, Plaintiff seeks to recover under *both* options, first imposing a 15% interest for Defendant's first delay of payment, and then imposing another 15% interest on the total settlement amount—but recalculating the total settlement amount to be inclusive of the first 15% interest fee. Such an interpretation of the relevant section does not only contradict the clear terms of the Agreement but is clearly disproportionate to the actual loss Plaintiff incurred due to Defendant's failure to the pay the full settlement payment.

> **3.     Defendant should be granted a continuance of this motion to conduct limited discovery on the issue of whether the parties understood the "Late Payment or Non-Payment" provision in the Settlement Agreement to be providing for an election of remedies.**

Granting a continuance is addressed to the court's discretion. *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2d Cir. 1994) (whether or not to grant additional time for discovery prior to ruling on a motion for summary judgment is a matter within the trial court's discretion). However, continuances for important additional discovery should be liberally granted. *XRT, Inc. v. Krellenstein*, 448 F.2d 772, 772-73 (5th Cir. 1971) (plaintiff should have been given access to certain important discovery before summary judgment was entered); *Costlow v. U.S.*, 552 F.2d 560, 564 (3d Cir. 1977) ("where the facts are in possession of the moving party a continuance of a motion for summary judgment for purposes of discovery should be granted almost as a matter of course.") (citations omitted); *Parrish v. Board of Com'rs of Alabama State Bar*, 533 F.2d 942, 946-50 (5th Cir. 1976) (trial court should have permitted additional discovery prior to ruling on a motion for summary judgment). In this case, Defendant has not had any opportunity to conduct any discovery because this is a motion for summary judgment in lieu of complaint case, whereby no discovery has been allowed. Discovery is crucial because it will show that the parties understood the late payment or non-payment provision in the settlement agreement to be providing for alternative remedies, thus, cannot support Plaintiff's claim that it is entitled to the total amount of damages it seeks in this action.

## **CONCLUSION**

Based on the foregoing, Defendant respectfully submits that there exist triable issues of material fact, particularly as to the issues of whether the late payment or non-payment provision in the settlement agreement can support the total amount of damages Plaintiff seeks in this action, and whether plaintiff's interpretation of this provision constitutes unenforceable penalty. Therefore, Plaintiff's motion for summary judgment in lieu of complaint should be DENIED. In the alternative, this motion should be continued to allow Defendant to conduct discovery, and more

specifically, to seek whether the terms of the late payment or non-payment provision in the relevant agreement are defined in any other papers between the parties to reasonably support Plaintiff's theory of damages.

Dated: November 17, 2023
      New York, New York

Respectfully submitted,

_____

Mastewal Taddese Terefe
THOMPSON & SKRABANEK, PLLC
42 W. 38th Street, Suite 1002
New York, New York 10018
(646) 568-4010
mterefe@ts-firm.com

*Attorneys for Defendant Maxben Holdings, LLC*