**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THREE AMIGOS HOLDINGS, INC.

       *Plaintiff,*

   vs.

                                               **Case No. 1:23-CV-08798-DLC**

MAXBEN HOLDINGS, LLC

       *Defendant.*

---

**PLAINTIFF THREE AMIGOS HOLDINGS, INC.'S REPLY**
**MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS**
**<u>MOTION FOR SUMMARY JUDGMENT IN LIEU OF COMPLAINT</u>**

**SCHULMAN BHATTACHARYA, LLC**

6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
240 West 40th Street, 2nd Floor
New York, New York 10018
Telephone: (240) 356-8550
Facsimile: (240) 356-8558
E-mail: kbhattacharya@schulmanbh.com

*Counsel for Plaintiff Three Amigos Holdings, Inc.*

Plaintiff Three Amigos Holdings, Inc. ("Three Amigos" or "Plaintiff"), by and through undersigned counsel, respectfully submits this reply memorandum of law in support of its motion for summary judgment in lieu of Complaint (the "Motion").

## PRELIMINARY STATEMENT[1]

Defendant Maxben Holdings, LLC (the "Borrower") concedes the relevant point: the Borrower has failed to repay a single dollar of its $552,287.50 (plus attorneys' fees) contractual debt to Three Amigos (the "Debt") due under the Confidential Settlement Agreement that the Borrower executed in favor of Three Amigos on August 17, 2023 (the "Agreement").[2]  To defeat the Motion, the Borrower must offer admissible evidence sufficient to raise a triable fact issue on a bona fide defense to the Borrower's failure to pay the Debt in accordance with the Agreement's terms.[3]  The Borrower provides no evidence at all in opposition to the Motion. Nor does the Borrower suggest that this Court should order this case to trial.

Instead, the Borrower purports to oppose the Motion with only a memorandum of law (the "Opposition") that requests a second "continuance" of this action[4] and for just one reason: the Borrower's counsel has concluded that unidentified "discovery" will enable the Borrower to prove that its counsel's "alternative understanding" of the Agreement's "nonpayment provision" as

---

[1] Unless otherwise indicated, Three Amigos uses capitalized terms herein within the same manner and meaning as in the memorandum of law filed in support of the Motion. ECF No. 1 at Ex. 1.

[2] ECF No. 15 at 6.

[3] *Id.* at 4.

[4] As set forth *infra*, the Borrower's prior counsel already (unsuccessfully) requested a sixty-day "continuance" of this action. ECF No. 7.

entitling Three Amigos to only $511,787.50 in damages, rather than the $552,287.50 requested in the Motion.[5]

The Borrower's strategic misinterpretation of the Agreement is insufficient to defeat the Motion—and is thus insufficient to raise a fact issue concerning "the correct measure of damages" in this action[6]—as a matter of law.

There is no "genuine dispute" of material fact for this Court to resolve.[7]

Three Amigos respectfully requests that this Court grant the Motion in the entirety.

## STATEMENT OF UNDISPUTED MATERIAL FACTS[8]

The Borrower's undisputed defaults on the uncontroverted instruments at issue demonstrate Three Amigos' entitlement to judgment as a matter of law.

### A.  The Borrower Defaults on the Loan.

On or about August 1, 2022, Three Amigos loaned the Borrower the principal sum of $500,000.00, pursuant to the terms of a loan agreement (the "Loan"). Daniel Aff. ¶ 2 & Ex. A.

Undisputedly: the Borrower failed to repay the Loan's remaining balance of $535,000.00 (including interest and fees) by the Loan's maturity date of August 1, 2023. Daniel Aff. ¶¶ 4-6 & Ex. A at 1.

---

[5] *Id*. at 7.

[6] *Id*. at 7.

[7] *Id*. at 5.

[8] In compliance with Local Rule 56.1 and for this Court's convenience, Three Amigos provides an abbreviated version of the undisputed material facts and respectfully refers this Court to the Affidavit of Jason Daniel (hereinafter, the "Daniel Aff.") filed in support of the Motion for a fuller recitation of the facts and copies of the unambiguous instruments that demonstrate Three Amigos' entitlement to judgment as a matter of law.

**B.  <u>The Borrower Defaults on the Agreement.</u>**

In an attempt to settle its outstanding contractual debt to Three Amigos, on or about August 17, 2023, the Borrower executed a Confidential Settlement Agreement and Mutual Release in favor of Three Amigos (the "<u>Agreement</u>"). Daniel Aff. ¶ 6 & Ex. B.

Upon executing the Agreement, the Borrower expressly acknowledged that it had not "repaid" its debt to Three Amigos due under the Loan and, in exchange for Three Amigos' promise not to sue the Borrower for defaulting on the Loan, the Borrower agreed to "timely pay" Three Amigos the principal sum of $460,000.00 (the "<u>Settlement Amount</u>"), plus accumulated interest, fees, and attorneys' fees (the "<u>Debt</u>"), in accordance with the Agreement's "payment terms." Daniel Aff. ¶ 7 & Ex. B at §§ 2.1-2.2.

The Agreement's "payment terms" are "clear" and unambiguous. ECF No. 15 at 6.

<u>*First*</u>, the Agreement clearly provides that the Borrower "shall pay" Three Amigos the sum of $135,000.00 "by August 31, 2023" (the "<u>First Payment</u>"). Daniel Aff. ¶ 8 & Ex. B at 6.

Undisputedly: the Borrower failed to remit the First Payment to Three Amigos on August 31, 2023. Daniel Aff. ¶ 9; ECF No. 15 at 6.

<u>*Second*</u>, the Agreement clearly provides that, upon the Borrower's failure to remit the First Payment within an additional five (5) business days, or by September 7, 2023, the Borrower must pay Three Amigos the First Payment, plus a "penalty of fifteen percent (15%) interest," or $20,250.00 (the "<u>First Late Fee</u>"), for a total payment of $155,250 due to Three Amigos on September 7, 2023 (the "<u>First Penalty Payment</u>"). Daniel Aff. ¶¶ 4-6 & Ex. B at 1.

Undisputedly: the Borrower failed to remit the First Penalty Payment to Three Amigos on September 7, 2023. Daniel Aff. ¶¶ 4-6; ECF No. 15 at 6.

4

*Third*, the Agreement clearly provides that, upon the Borrower's failure to remit the First Penalty Payment by September 15, 2023, the Borrower must "immediately" pay Three Amigos the "entire balance of the Settlement Amount, together with fifteen percent (15%) interest on the total amount then outstanding," for a total payment of $552,287.50 due to Three Amigos on September 15, 2023 (the "Debt"), calculated as: (1) the $460,000.00 unpaid Settlement Amount; plus (2) the unpaid First Late Fee of $20,250; plus (3) 15% interest on the "outstanding" amount of $480,250.00, or $72,037.50 (the "Second Late Fee"). Daniel Aff. ¶¶ 11-12 & Ex. B at § 2.2; *see also* ECF No. 15 at pp. 5-6.

Undisputedly: the Borrower failed to repay the Debt to Three Amigos on September 15, 2023. Daniel Aff. ¶ 13.

## **PROCEDURAL HISTORY**

### A. **Three Amigos Files the Motion.**

Upon the Borrower's refusal to pay the Debt, on September 18, 2023, Three Amigos filed a CPLR 3213 motion for summary judgment in lieu of complaint against the Borrower (the "Motion") in the New York Supreme Court for New York County (the "New York State Court") in the case bearing caption *Three Amigos Holdings, Inc. v. Maxben Holdings, LLC*, Index No. 654562/2023 (the "New York State Case"). ECF No. 1, Ex. 1 (the "Motion").

The Motion requests an Order granting summary judgment in favor of Three Amigos and against the Borrower: (1) in the amount of $552,287.50 due under the Agreement; and (2) as to the Borrower's liability only for Three Amigos' attorneys' fees, pursuant to the Agreement's "prevailing party clause." *Id*. at p. 26 (the "Memo"). The Motion further requests that the Court sever Three Amigos' claim against the Borrower for attorneys' fees "for assessment purposes" "such that immediate judgment can be entered on the principal sum" of $552,287.50. *Id*.

Three Amigos effectuated service of the Motion on the Borrower on September 22, 2023, ECF No. 9 ¶ 4, and for a second time on September 26, 2023. ECF No. 13.

The Borrower failed to file an opposition to the Motion in the New York State Court.

**B. <u>The Borrower Unsuccessfully Requests a "Stay" of this Action and Files the Opposition— that Requests a "Continuance" of this Action.</u>**

Instead, the Borrower filed a notice of removal notifying Three Amigos that the Borrower had removed the New York State Case to this Court (the "<u>Notice of Removal</u>"). ECF No. 1.

The day after the Borrower filed the Notice of Removal, on October 12, 2023, the Borrower's prior counsel, Marshall Dworkin, Esq. ("<u>Mr. Dworkin</u>") filed a motion to withdraw as the Borrower's counsel on the grounds that the Borrower had refused to pay Mr. Dworkin's substantial legal fees (the "<u>Motion to Withdraw</u>"). ECF No. 7. The Motion to Withdraw further concluded that this Court should "enter a sixty (60) day stay of [these] proceedings." *Id*. at 4.

On October 13, 2023, this Court entered an Order granting the Motion to Withdraw in part by permitting Mr. Dworkin to withdraw as counsel but denying the Borrower's unsupported request to "stay" this action (the "<u>Order</u>"). ECF No. 10.

In compliance with the summary judgment briefing schedule set forth in the Order, *see id*. at 2, on November 20, 2023, the Borrower filed a memorandum of law in opposition to the Motion (the "<u>Opposition</u>"). ECF No. 15.

The Opposition is devoid of evidentiary support and, rather than arguing that a trial is required in this (standard) breach of contract action, once again requests an indefinite "continuance" of this proceeding. *Id*. at 8.

The Borrower is not entitled to the relief it requests.

## ARGUMENT

### I.    This Court Should Grant the Motion in the Entirety.

#### A.  The Borrower Concedes that Three Amigos Has Made its *Prima Facie* Case.

"[T]o establish a *prima facie* case" for summary judgment on an instrument for the payment of money only, a plaintiff is required only to "offer proof" of the instrument itself and an affidavit attesting to the defendant's "failure to make the payments called for by its terms." ECF No. 15 at 4 (citing *Dye v. Kopiec*, 2016 WL 7351810, at *2 (S.D.N.Y. Dec. 16, 2016)); *see also I.P.L. Corp. v. Indus. Power & Lighting Corp.*, 202 A.D.2d 1029, 1029, 609 N.Y.S.2d 472, 473 (4th Dep't 1994) (granting CPLR 3213 motion for summary judgment where lender filed loan agreement and affidavit attesting to the borrower's nonpayment). Even the Borrower's precedent explains, Three Amigos' summary judgment burden is minimal because "[t]he purpose of § 3213 is to provide a speedy and effective means for resolving presumptively meritorious claims" arising from unpaid debt instruments. *Dye*, at *2 (quoting *Banco Popular N. Am. v. Victory Taxi Mgmt., Inc.*, 806 N.E.2d 488, 490 (2004)).

The Borrower never suggests that the Motion is not meritorious.

Instead, the Borrower agrees that Three Amigos made its *prima facie* case upon filing the Motion, which is supported by the Agreement and an affidavit from Three Amigos' agent, non-party Jason Daniel ("Mr. Daniel"), in which Mr. Daniel attests that the Borrower defaulted on the Agreement by failing to repay the Debt in full on September 15, 2023. ECF No. 1, Ex. 1 at pp. 6-10 (the "Daniel Affidavit") ¶¶ 8, 10-13; *see also* ECF No. 15 at 6 (the Borrower "does not dispute that it has not paid the [Debt]").

Three Amigos has undisputedly satisfied its summary judgment burden, *see Indus. Power*, 202 A.D.2d at 1029, which permits this Court to grant the Motion, as the Opposition is non-compliant with the Rules of this Court.

### B.  The Borrower Has Failed to Satisfy its Summary Judgment Burden.

#### a.  The Opposition Fails to Comply with Local Rule 56.1.

As the Borrower confirms, "[u]pon removal to federal court," a CPLR 3213 motion "is converted to a motion for summary judgment "under Rule 56 of the Federal Rules of Civil Procedure." ECF No. 15 at 3 (quoting *Portruch & Daab, LLC v. Braunstein*, 2020 WL 127579, at *1 (E.D.N.Y. Jan. 10, 2020)). The Borrower's removal of the Motion to this particular forum had another consequence; the Opposition was required to comply with Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("Local Rule 56.1"). *See Holtz v. Rockefeller & Co.*, 258 F.3d 62, 72 (2d Cir. 2001).

Local Rule 56.1 is clear: a summary judgment opponent must provide a statement of all disputed material facts, and the summary judgment opponent's failure to file the required Local Rule 56.1 statement requires that all material facts in the movant's papers are "deemed to be admitted as a matter of law." *See Gubitosi v. Kapica*, 154 F.3d 30, 31 n. 1 (2d Cir. 1998) (quoting Local Rule 56.1 and accepting as true defendant's uncontested assertions in reversing the Court's denial of summary judgment: "the material facts contained in [the movant's] statement are deemed to be admitted as a matter of law").

The Opposition not only fails to include the required Local Rule 56.1 statement but is devoid of any "facts" section at all. *See* ECF No. 15. The Borrower has thus conceded the point: there is no triable issue of material fact for this Court to resolve, and this Court should grant the Motion without reaching the merits. *See Gubitosi*, 154 F.3d at 31 n. 1; *see also Millus v. D'Angelo*,

224 F.3d 137, 138 (2d Cir. 2000) (affirming grant of summary judgment based on summary

judgment opponent's failure to contest assertions in movant's Local Rule 56.1 statement).

It would be immaterial if this Court considered the Opposition's legal arguments.

> **b. The Borrower's Counsel's Misinterpretation of the Agreement is Insufficient to Raise a Triable Fact Issue on a Bona Fide Defense to the Borrower's Nonpayment of the Debt.**

To defeat the Motion in the face of Three Amigos' *prima facie* showing, Borrower must

offer ***admissible evidence*** "sufficient to raise a triable issue of fact" on a bona fide defense to the

Borrower's nonpayment of the Debt in accordance with the Agreement's terms. ECF No. 15 at 4

(citing *Dye*, at *2); *see also Indus. Power*, at 1029. Furthermore, "New York's courts distinguish

between liquidated damages, which are valid, and penalties, which are unenforceable." ECF No.

15 at 7 (citing *LG Cap. Funding, LLC v. Accelera Innovations, Inc.*, No. 17CV1460DLIST, 2018

WL 5456670, at *9 (E.D.N.Y. Aug. 13, 2018)). As the Borrower's precedent clarifies, New York

law generally prohibits a lender from enforcing a "penalty clause" that "bears no relationship to

[its] actual losses" because it would be "manifestly punitive" for a borrower to be required to pay

"contractual damages [that] are manifestly disproportionate" to the original principal amount of

its debt. *Accelera*, at *9.

Applying those uncontested principles of New York contract law, the Borrower argues that

there is a "material fact issue" concerning "the amount of damages" for which the Borrower is

liable to Three Amigos, because the Borrower's "alternative understanding" of Section 2.22

requires Three Amigos to remove (and expunge) the First Late Fee of $20,000 before applying the

"15% interest" rate and calculating "the total amount" of the Debt. ECF No. 15 at pp. 5-6. The

Borrower concludes: this Court should order a "continuance" of this action to permit the Borrower

to obtain the "discovery" it supposedly requires "to show that the parties understood" that Section

2.22 mandates that the Debt "equals $511,787.50 in contrast to [the Motion's] alleged sum of $552,287.50." *Id*. at pp. 6-7. No such discovery is required.

In suggesting otherwise, the Borrower misunderstands the law and utterly misapprehends its burden in opposing summary judgment.

The Borrower's precedent offers clarity: the Borrower's counsel's unsupported conclusion that there is "some alleged factual dispute between the parties" concerning the proper interpretation of Section 2.22 of the Agreement "will not defeat" Three Amigos' "properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247–48, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986). That is the case because, "to defeat summary judgment, there must be evidence on which the jury could reasonably find for" the Borrower. *Saeli v. Chautauqua Cnty*., NY, 36 F.4th 445, 456 (2d Cir. 2022). The Borrower's principal, non-party Idin Dalpour ("Mr. Dalpour") executed the Agreement on the Borrower's behalf and was uniquely qualified to testify as to whether "the parties understood" that Section 2.22 of the Agreement would result in an "unenforceable penalty" at the time of contracting, as the Borrower's counsel now suggests, ECF No. 15 at 8, but the Opposition is unsupported by an affidavit from Mr. Dalpour.

Rather than append such admissible evidence to the Opposition, the Borrower directs this Court to the Agreement itself as the Borrower's sole proof that Three Amigos' "interpretation" of Section 2.22 supposedly "not only contradict[s] the clear terms of the Agreement" but impermissibly permits Three Amigos to collect damages that are "clearly disproportionate to [its] actual loss." ECF No. 15 at 8. That "conclusion of law" is patently inadequate to defeat the Motion. *O'Hara v. Weeks Marine, Inc*., 928 F. Supp. 257, 259 (E.D.N.Y. 1996); *see also Zuckerman v. City of New York*, 49 N.Y.2d 557, 562, 404 N.E.2d 718, 720 (1980) (counsel's "speculation" is "patently inadequate" to defeat summary judgment when "[t]he record contains no [party]

10

affidavit"). Nor is the Borrower's counsel's construction of the Agreement a cognizable legal defense to the Borrower's nonpayment of the debt.

New York law is clear: where, as here, a defendant's sole "argument" in opposition to a CPLR 3213 motion consists exclusively of the defendant's "interpretation of" the debt instrument upon which it has defaulted, the defendant has failed to raise "a proper affirmative defense" to its nonpayment of that instrument. *Airco Alloys Div., Airco Inc. v. Niagara Mohawk Power Corp.*, 76 A.D.2d 68 (4th Dep't 1980); *see also AFCO Credit Corp. v. Eshaghian*, 217 A.D.2d 676, 677, 630 N.Y.S.2d 94, 95 (1995) ("since the defendants failed to allege any valid affirmative defense to the [loan agreement]," the plaintiff's CPLR 3213 motion "should have been granted"). Put another way: the Borrower's "conten[tion] that the liquidated damages provision is not enforceable against it" is insufficient to raise "a factual issue as to whether [the Borrower] is bound by the liquidated damages provision." *Carlyle, LLC v. Quik Park Beekman II, LLC*, 59 Misc. 3d 35, 38, 74 N.Y.S.3d 434, 437 (1st Dep't 2018).

It would make little difference if the Borrower had supported its "alternative understanding" of Section 2.22 of the Agreement with admissible evidence. ECF No. 15 at 7. Even if the Borrower had proven the existence of a bona fide dispute concerning the amount of the Debt for which the Borrower is undisputedly liable—and it did not— this Court would have (at best) ordered a damages hearing to determine the proper amount of the Debt. *Accelera*, at *7; *see also Agway, Inc. v. N. Clymer Farm Serv., Inc.*, 291 A.D.2d 818, 820, 737 N.Y.S.2d 207, 209 (4th Dep't 2002) (a bona fide factual dispute regarding the amount of debt owed on a defaulted debt instrument cannot defeat summary judgment but may entitle the borrower to a damages hearing). However: "a hearing is not required" where, as here, a defendant fails to offer admissible evidence to contradict the plaintiff's "detailed affidavit" attesting to the amount of debt owed on a defaulted

loan agreement. *Accelera*, at *7; *accord Ocelot Cap. Mgmt., LLC v. Hershkovitz*, 90 A.D.3d 464, 465, 934 N.Y.S.2d 146, 148 (1st Dep't 2011) (affirming trial court's grant of CPLR 3213 motion in the amount requested where the defendant borrower failed to offer evidence to contest the plaintiff's damages calculations).

Nor is the Borrower entitled to "discovery" to prove that its counsel has correctly construed Section 2.22 of the Agreement. Three Amigos agrees with the Borrower: Section 2.22 contains "clear language" and "clear terms." ECF No. 15 at 6. Put another way, Section 2.22 of the Agreement is unambiguous, and "[t]he proper interpretation of an unambiguous contract is a question of law for the court" that should be "resolved by summary judgment." *Omni Quartz, Ltd. v. CVS Corp.*, 287 F.3d 61, 64 (2d Cir. 2002). This Court should resolve that question of law in Three Amigos' favor.

According to the Borrower, Three Amigos has miscalculated the Debt by construing "Section 2.22 of the Agreement" as permitting Three Amigos "to apply" the "15% interest" rate to "the total amount" of $480,250.00 that the Borrower undisputedly owed to Three Amigos on September 15, 2023, and attesting that the Borrower is liable to Three Amigos for $511,787.50 in damages (plus continuing interest). ECF No. 15 at 7. The Borrower interprets Section 2.22 as prohibiting Three Amigos from including the First Late Fee of $20,250 in "the total amount" owed on September 15, 2023 before applying the 15% interest rate and calculating the Debt, which results in only $511,787.50 in damages, because Section 2.22 requires Three Amigos to exclude all "payments that have already been penalized" when calculating the Debt. *Id.*

The Borrower's interpretation of Section 2.22 is simply incorrect.

Section 2.22 unambiguously provides that Three Amigos' calculation of the Debt should exclude any ***payments*** that the Borrower has actually remitted— and there have been none— and

does not provide that Three Amigos must exclude the **unpaid** First Late Fee from its calculation of the Debt. ECF No. 1, Ex. 1 at § 2.22. The Borrower's construction of Section 2.22 requires this Court to excise and replace the contractual language "payments that have already been penalized" with the contractual language "all penalty payments that Three Amigos has attempted but failed to collect." That is impermissible; the Borrower's "view" of Section 2.22 "strain[s] the contract language beyond its reasonable and ordinary meaning." *Bethlehem Steel Co. v. Turner Constr. Co.*, 2 N.Y.2d 456, 459, 161 N.Y.S.2d 90, 141 N.E.2d 590 (1957).

While the Borrower (incompatibly) suggests that Section 2.22 of the Agreement is so ambiguous as to require a trial on the matter, "it is not enough for the opponent [of summary judgment] to show that the agreement is ambiguous:" "the opponent must also disclose in evidentiary form the particular parol evidence, if any, on which it relies." *Mallad Const. Corp. v. Cnty. Fed. Sav. & Loan Ass'n*, 32 N.Y.2d 285, 298 N.E.2d 96 (1973). The Borrower discloses no such evidence.

Instead, the Borrower requests that this Court permit the Borrower to "conduct discovery" to determine whether unidentified "other papers between the parties reasonably support" its interpretation of the Agreement and "theory of damages." ECF No. 15 at 9. However, the Agreement is clear: "No change or modification to this Settlement Agreement shall be binding unless it is in writing and executed by both [Three Amigos] and [the] Borrower." ECF No. 1, Ex. 1 at § 3.1. The parol evidence rule thus bars the Borrower from offering extrinsic evidence of other "papers" beyond another version of the Agreement that is executed by both parties to vary the Agreement's unambiguous terms. *See Meinrath v. Singer Co.*, 482 F.Supp. 457, 460 (S.D.N.Y.) (applying New York law); *see also Bedowitz v. Farrell Dev. Co.*, 289 A.D.2d 432, 432, 735

N.Y.S.2d 150, 151 (2d Dep't 2001) ("parol evidence is inadmissible to contradict, vary, add to, or subtract from the terms of the written agreement between the parties").

The Borrower has not demonstrated its entitlement to discovery, regardless.

### c. **The Borrower is Not Entitled to "Discovery" to Explore its "Alternate Interpretation" of the Agreement.**

In opposing a motion for summary judgment based on an insufficient opportunity to conduct discovery, the non-movant "is required to submit an affidavit that includes: (1) the nature of the uncompleted discovery; (2) how the facts sought are reasonably expected to create a genuine issue of material fact; (3) what efforts the affiant has made to obtain those facts; and (4) why those efforts were unsuccessful." *Hoffmann v. Airquip Heating & Air Conditioning*, 480 Fed.Appx. 110, 111-12 (2d Cir. 2012).

The Opposition is unsupported by such an affidavit.

Instead, the Borrower speculates that "other papers between the parties"— which would definitionally also be in the Borrower's possession— may exist that support the Borrower's creative construction of the Agreement. ECF No. 15 at 9. The Borrower's "bare assertion that evidence to support a fanciful allegation… can be obtained only through discovery, is not sufficient to defeat" the Motion, as a matter of law. *Avail 1 LLC v. Varlas*, No. 19-CV-1922(KAM)(CLP), 2023 WL 4373540, at *7 (E.D.N.Y. July 6, 2023).

### CONCLUSION

For the aforementioned reasons, this Court should GRANT Three Amigos' motion for summary judgment against the Borrower in the amount of $552,287.50 and as to liability only against the Borrower for Three Amigos' claim for attorneys' fees; direct severance of Three Amigos' claim for attorneys' fees for assessment purposes, so that immediate judgment may be

entered on the principal sum; allow Three Amigos to submit post-judgment briefing in support of its claim for attorneys' fees; and award any further relief as this Court deems just and proper.

Dated: December 1, 2023

                              **SCHULMAN BHATTACHARYA, LLC**

                    By:     /s/ Koushik Bhattacharya
                            Jeremy W. Schulman (NYSB No. 2864494)
                            Koushik Bhattacharya (NYSB No. 5936000)
                            6116 Executive Blvd, Suite 425
                            North Bethesda, Maryland 20852
                            and
                            240 West 40th Street, 2nd Floor
                            New York, New York 10018
                            Tel: (240) 356-8551
                            E-mail: jschulman@schulmanbh.com
                                      kbhattacharya@schulmanbh.com

                            *Counsel for Plaintiff Three Amigos Holdings, LLC*