UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| THREE AMIGOS HOLDINGS, INC.<br><br>*Plaintiff*,<br><br>vs.<br><br>MAXBEN HOLDINGS, LLC<br><br>*Defendant*. | Case No. 1:23-CV-08798-DLC |

**PLAINTIFF'S MOTION FOR A TURNOVER ORDER**

**SCHULMAN BHATTACHARYA, LLC**

6116 Executive Boulevard, Suite 425
North Bethesda, Maryland 20852
and
240 West 40th Street, 2nd Floor
New York, New York 10018
Telephone: (240) 356-8550
Facsimile: (240) 356-8558
E-mail: kbhattacharya@schulmanbh.com

*Counsel for Plaintiff Three Amigos Holdings, Inc.*

i

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... iii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF RELEVANT FACTS ................................................................................. 3

ARGUMENT ............................................................................................................................... 6

    I.   LEGAL STANDARD ...................................................................................................... 6

    II.   THREE AMIGOS IS ENTITED TO A TURNOVER ORDER REQUIRING THE DEBTORS' ENTITIES TO PROVIDE SUFFICIENT FUNDS TO PAY THE JUDGMENT.. 7

    III.   DEBTORS SHOULD BE ORDERED TO TRANSFER THEIR INTERESTS IN THE DEBTOR ENTITIES TO PLAINTIFF .................................................................................. 9

    IV.   PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS FOR MAKING THIS MOTION.................................................................................................. 10

CONCLUSION......................................................................................................................... 11

# **TABLE OF AUTHORITIES**

**Cases**

*79 Madison LLC v. Ebrahimzadeh,*
  166 N.Y.S.3d 126 (1st Dep't 2022) ................................................................................... 7, 10

*ABKCO Indus., Inc. v. Apple Films, Inc.*,
  39 N.Y.2d 670 (1976) ................................................................................................................ 7

*Beauvais v. Allegiance Sec., Inc.*,
  942 F.2d 838 (2d Cir. 1991) ..................................................................................................... 8

*Bernard v. Lombardo*,
  2016 WL 7377240 (S.D.N.Y. Nov. 23, 2016) ......................................................................... 8

*Breezevale Ltd. v. Dickinson,*
  693 N.Y.S.2d 532 (1st Dep't 1999) ......................................................................................... 7

*CSX Transp., Inc. v. Island Rail Terminal, Inc.*,
  879 F.3d 462, 469 (2d Cir. 2018) ............................................................................................. 6

*DRC Ventures, LLC, et al. v. Idin Dalpour, et al.*,
  Case No. 23-cv-07827 (S.D.N.Y.) ........................................................................................... 4

*Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V.*,
  41 A.D.3d 25, 31 (1st Dep't 2007) ...................................................................................... 9, 10

*Hotel 71 Mezz Lender LLC v. Falor,*
  14 N.Y.3d 303, 313 (2010) .................................................................................................. 7, 9

*Miller v. City of Ithaca, New York,*
  2019 WL 2502712 (N.D.N.Y. June 17, 2019) ......................................................................... 7

*Miller v. Doniger,*
  28 A.D.3d 405 (1st Dep't 2006) ............................................................................................... 9

*Motorola Credit Corp. v. Uzan*,
  739 F. Supp. 2d 636, 641 (S.D.N.Y. 2010) .............................................................................. 8

*PCGEZG, LLC v. Dalpour, et. al.*,
  Case No. 24-CV-01271 (S.D. Tex.) ......................................................................................... 4

*Signature Bank v. HSBC Bank USA, N.A.*,
  67 A.D.3d 917 (2d Dep't 2009) ................................................................................................ 9

*Sweeney, Cohn, Stahl & Vaccaro v. Kane,*
   33 A.D.3d 785 (2d Dep't 2006) .................................................................................................. 10


**Rules**

CPLR 5201 ............................................................................................................................... 2, 7

CPLR 5225 ......................................................................................................................... 2, 6-7, 9

CPLR 5240 ............................................................................................................................. 2, 10

FRCP 69 .................................................................................................................................... 2, 6

Plaintiff Three Amigos Holdings, Inc. ("Three Amigos" or "Plaintiff") respectfully submits this memorandum of law in support of its motion for a turnover order to satisfy the judgments entered by this Court on December 14, 2023 and January 11, 2024 against Defendant Maxben Holdings, LLC ("Maxben") pursuant to Rule 69 of the Federal Rules of Civil Procedure and sections 5225, 5201 and 5240 of the New York Civil Practice Law and Rules ("CPLR").

## PRELIMINARY STATEMENT

This post-judgment enforcement action stems from Maxben's continued refusal to pay the judgment entered into by this Court, and its continued refusal to provide information necessary to allow Three Amigos to collect on the judgment. Specifically, on December 14, 2023, this Court entered summary judgment in favor of Plaintiff, finding that Maxben owed Plaintiff $511,787.50, plus Plaintiff's attorneys' fees, which the parties later stipulated would amount to $38,000, for a total sum of $549,787.50 (the "Judgment"). Subsequently, Plaintiff learned that Maxben was owned entirely by Idin Dalpour[1] ("Dalpour"), who was Maxben's self-described "Sole Member."

As a result, Plaintiff sent post-judgment information subpoenas to Maxben and Dalpour seeking information concerning all of their financial assets, accounts and business entities that the Debtors controlled, as was its right under New York law. Rather than provide Three Amigos with the responses that are required under the law, Debtors attempted to evade compliance entirely by falsely claiming that Plaintiff was not entitled to information about third party entities that Debtors owned and/or controlled from Debtors themselves, and demanding, without basis, that Plaintiff seek the information directly from those (unidentified) entities. However, when Plaintiff – largely through its own independent investigation – learned of the existence of certain entities that Debtors

---

[1] Maxben and Dalpour are hereinafter referred to collectively as, "Debtors."

1

owned or in which Debtors had an ownership interest, and issued separate post-judgment subpoenas to these entities, as Debtors had previously insisted they do, Debtors summarily informed Plaintiff that they would not be responding to the subpoenas at all. Nor would they be supplementing the responses to the subpoenas directed to the Debtors themselves, as they had previously stated they would.

As a result of Debtors' clear unwillingness to satisfy the judgment, Plaintiff is left with no recourse but to file a motion pursuant to Federal Rules of Civil Procedure 69, CPLR §§5225, 5201 and 5240:

(a) Requiring Maxben Alternative Ventures I, LLC ("Maxben Alternative"), Maxben Ventures, LLC ("MV"), Walnut Creek Investors, LLC ("Walnut"), Maxben Ventures Industrial LLC ("MVI"), Maxben Ventures Ferndale, LLC ("MVF"), Maxben Ventures Woodside, LLC ("MVW"), ESDE Holdings, LLC ("ESDE"), SIM Capital, LLC ("SIM"), Otte Partners, LLC ("Otte"), Cornelia Street Investors, LLC ("Cornelia"), 1222 St. Paul Management, LLC ("St. Paul") CHS Investors, LLC ("CHS"), SD Texas I, LLC ("Texas I"), SD Texas II, LLC ("Texas II") and PJA Capital Fund I, LLC ("PJA") (together, the "Debtors' Entities") to turnover sufficient funds to satisfy the Judgment; and

(b) Requiring Dalpour to turn over the funds currently in his account with TD Ameritrade (the "TD Account"); and

(c) In the event that the Debtors' Entities and the TD Account do not possess sufficient funds to fully satisfy the Judgment, requiring Debtors to execute all instruments necessary to transfer Debtors' ownership interest in the Debtors' Entities to Three Amigos to satisfy the Judgment;

(d) Requiring that Debtors pay Three Amigos' attorneys' fees, costs and expenses incurred in relation to making this motion; and

(e) Granting any further relief as the Court deems proper.

## STATEMENT OF RELEVANT FACTS

Pursuant to a loan agreement executed on or about August 1, 2022, Plaintiff loaned Maxben the sum of $500,000 at a 5% monthly interest rate (the "Loan"). See Dkt. 101 at p. 7. Under the terms of the Loan, Maxben was required to repay the Loan, including all interest, by August 1, 2023. Id. When Maxben failed to repay the loan by this date, Plaintiff and Maxben entered into a Confidential Settlement Agreement and Mutual Release on or about August 17, 2023, under which Plaintiff agreed to reduce the total amount owed by Maxben from $535,000 to $460,000 (the "Settlement Agreement"). Id. at pp. 7-8. In exchange for Plaintiff's agreement to reduce the amount that Maxben owed, Maxben agreed to strictly comply with the payment terms contained in the Settlement Agreement requiring an initial payment of $135,000 be paid to Three Amigos by August 31, 2023. Id. at p. 8. Failing that, Maxben was permitted a limited grace period to make the first payment with interest. Id. In the event that Maxben failed to make this payment plus interest, the entire settlement amount of $460,000 became immediately due, plus 15% interest. Id.

Following Maxben's failure to make the payments it agreed to make under either the Loan Agreement or the Settlement Agreement, Three Amigos instituted an action in New York State Supreme Court on or about September 18, 2023, by filing a motion for summary judgment in lieu of a complaint. On October 6, 2023, the action was removed to this Court. See Dkt. 1. On

December 14, 2023, this Court entered summary judgment in favor of Plaintiff finding that Maxben owed Plaintiff $511,787.50, plus Plaintiff's attorneys' fees.[2] See Dkt. 22.

Subsequently, in an effort to collect the Judgment, Plaintiff conducted an ECF search and discovered another case had been brought in the Southern District of Texas in which Maxben was a party, styled PCGEZG, LLC v. Dalpour, et. al., 24-cv-01271, (S.D. Tex.) (the "PCGEZG Action"). As part of the filings in the PCGEZG Action, the plaintiff submitted a Guaranty Agreement which Idin Dalpour signed on behalf of Maxben, identifying himself as its "Sole Member." See Ex. A. Dalpour also admitted that he is the sole member of Maxben in the Answer that he filed in a separate case, DRC Ventures, LLC, et al. v. Idin Dalpour, et al., 23-cv-07827 (S.D.N.Y.). Compare Ex. I at ¶12 with Ex. J at ¶12.

Similarly, the plaintiff in the PCGEZG Action submitted an Amended and Restated Pledge and Security Agreement setting forth several other companies for which Mr. Dalpour identified himself as being the "Sole Member": Maxben Alternative, MV, Walnut, MVI, MVF, MVW, ESDE, and SIM. See Ex. B.

In post-judgment discovery in the instant case, Dalpour identified other entities in which he owns an interest. First, he owns 20% of the shares of Otte. See Ex. C. Second, he owns a 4.15% interest in Cornelia. See Ex. D, Ex. E. Third, he owns a 25% interest in St. Paul. See Ex.

---

[2]   The parties later stipulated that the attorneys' fees figure would be set at $38,000. See Dkt. 24.

4

F. Finally, Maxben stated in a post-judgment information subpoena sent by Three Amigos in this case that it owned an unspecified interest in CHS, Texas I, Texas II and PJA.[3]  See Ex. G.[4]

During its own investigation, Three Amigos also learned that Dalpour is in possession of a bank account with TD Ameritrade (the "TD Account").  See Ex. K.  Thus, on May 14, 2024, Three Amigos, through counsel, issued a restraining notice on TD Ameritrade pursuant to CPLR §5222.  See Ex. L.

---

[3]  Three Amigos attempted to obtain a full accounting of the of Debtors' finances and business interests through information subpoenas, sent to Debtors directly.  Debtors initially evaded providing substantive and fulsome responses, instead (incorrectly) claiming that Plaintiff was not entitled to information about entities that "were not subject to the judgment at issue."  See Ex. G.  However, as Plaintiff explained to Defendants, New York law allows a judgment creditor to obtain post-judgment discovery from "either the judgment debtor or a third party in order to determine whether the judgment debtor transferred any assets so as to defraud the creditor."  See Ex. H.  Debtors then claimed that Plaintiff was required to seek the relevant information directly from the entities that Debtors had identified rather than from Debtors.  In an effort to avoid unnecessary motion practice, and though it was under no requirement to do so, Three Amigos proceeded to send information subpoenas to each of Maxben Alternative, MV, Walnut, MVI, MVF, MVW, ESDE, SIM, Otte, Cornelia, St. Paul, CHS, Texas I, Texas II and PJA.  On April 22, 2024, Plaintiff's counsel spoke with Debtors' counsel by telephone at which time Debtors' counsel summarily stated that Debtors were refusing to respond to any subpoenas or to furnish any additional information about the entities they controlled and their assets, without providing any justification for their refusal to do so.  See Bhattacharya Declaration at ¶¶12-13.  As a result, Debtors have intentionally frustrated Plaintiff's ability to discover more specific information about, *inter alia*, the amount of their assets, where they are located and any other individuals or entities with liens or other entitlement to the Debtor Entities.

[4]  Notably, Dalpour signed Maxben's subpoena responses "On behalf of Maxben Holding, LLC," further underscoring Plaintiff's claim that he is an alter-ego of Maxben.  See Ex. G. at p. 4.

**ARGUMENT**

I.  **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 69, which governs motions to enforce federal money judgments, the "procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located," in this case, New York. Fed. R. Civ. P. 69(a)(1). In turn, New York law offers several avenues for judgment creditors to enforce money judgments, including turnover proceedings, which are governed by CPLR 5225. Specifically, CPLR 5225(a) governs turnover proceedings concerning "property in the possession of the judgment debtor":

> Where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

NY CPLR §5225(a).

Similarly, CPLR 5225(b) governs the turnover of property not in the possession of the judgment debtor but in which the judgment debtor has an interest:

> Upon a special proceeding[5] commenced by the judgment creditor, against a person in possession or custody of money or other personal property in which the judgment debtor has an interest, or against a person who is a transferee of money or other personal property from the judgment debtor, where it is shown that the judgment debtor is entitled to the possession of such property or that the judgment

---

[5]  Although CPLR 5225(b) states that a judgment creditor can obtain a turnover order against a nonparty by initiating a "special proceeding," the Second Circuit has explained that "a party seeking a money judgment against a nonparty garnishee may proceed by motion" under Rule 69. CSX Transp., Inc. v. Island Rail Terminal, Inc., 879 F.3d 462, 469 (2d Cir. 2018).

6

> creditor's rights to the property are superior to those of the transferee, the court shall require such person to pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment, to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

NY CPLR §5225(b).

## II. THREE AMIGOS IS ENTITED TO A TURNOVER ORDER REQUIRING THE DEBTORS' ENTITIES TO PROVIDE SUFFICIENT FUNDS TO PAY THE JUDGMENT

In order to succeed on a turnover motion pursuant to CPLR 5225(a), a judgment creditor need only establish that the judgment debtor is "in possession or custody of" money or property that could be used to satisfy the judgment. 79 Madison LLC v. Ebrahimzadeh, 166 N.Y.S.3d 126, (1st Dep't 2022); see also Breezevale Ltd. v. Dickinson, 693 N.Y.S.2d 532 (1st Dep't 1999) (judgment debtor's money judgment against non-party in unrelated Texas action was subject to levy by judgment creditor). In the alternative, the judgment creditor can prove that the judgment debtor will be in possession of such money in the "future" because CPLR 5201 expressly authorizes the Court to enforce a judgment against a judgment debtor's "future right or interest" in any property of "potential economic value." See Hotel 71 Mezz Lender LLC v. Falor, 14 N.Y.3d 303, 313 (2010) ("the operative fact was whether the property interest had potential economic value that was worthy of pursuit by the creditor"); ABKCO Indus., Inc. v. Apple Films, Inc., 39 N.Y.2d 670, 673 (1976) (a judgment debtor's contingent contractual right to future "net profits" from a film "was subject to levy" by judgment creditor).

Similarly, to obtain a turnover order pursuant to CPLR 5225(b), a judgment creditor must demonstrate that: "(1) 'the judgment debtor has an interest in the property the creditor seeks to reach'; and (2) either 'the judgment debtor is entitled to the possession of such property' or 'the judgment creditor's rights to the property are superior to those of the party in whose possession it

7

is.'" Miller v. City of Ithaca, New York, 10-CV-00597(BKS)(DEP), 2019 WL 2502712, at *2 (N.D.N.Y. June 17, 2019) (quoting Beauvais v. Allegiance Sec., Inc., 942 F.2d 838, 840 (2d Cir. 1991)).

In the instant case, there is no question that Three Amigos has demonstrated sufficient facts to warrant granting its turnover motion as it applies to the Debtors' Entities.  As it applies to CHS, Texas I, Texas II and PJA, Maxben has already admitted to having an ownership interest in those entities directly.  See Ex. G.  Moreover, as to the remaining Debtors' Entities -- Maxben Alternative, MV, Walnut, MVI, MVF, MVW, ESDE, SIM, Otte, Cornelia and St. Paul – they are all owned, in whole or in part, by Dalpour.  In turn, the evidence demonstrates that Dalpour controlled, and was the alter ego of, Maxben.  By way of example only, Dalpour signed contracts attesting to the fact that he was the "Sole Member" of Maxben.  See Ex. A.  He has also admitted to being Maxben's "sole member" in an Answer to a complaint that he filed in another case in this district.  See Ex. J at ¶12.  Finally, in the instant case, Dalpour has signed post-judgment subpoena responses "On behalf of Maxben Holding, LLC," demonstrating that he is empowered to answer for Maxben.  See Ex. G.  Under New York law, judgment creditors can seek turnover orders against alter egos of a judgment debtor to the same extent as they can seek turnover orders against the judgment debtors directly:

> Having found that Libananco is an alter ego of the individual defendants and is liable to plaintiffs to the same extent as those defendants, the Court hereby grants judgment against Libananco and in favor of plaintiffs, to the same extent as previously entered in this action against the individual defendants and in favor of plaintiffs, including interest accrued to the date of entry.

Motorola Credit Corp. v. Uzan, 739 F. Supp. 2d 636, 641 (S.D.N.Y. 2010) (finding that the company was an alter ego of the individual defendants where the individual defendants owned 100% of the Company); see also Bernard v. Lombardo, 16-cv-863 (RMB), 2016 WL 7377240, at

8

*2 (S.D.N.Y. Nov. 23, 2016) (finding that the judgment creditor could seek turnover order from an individual who was an "executive officer" of the judgment debtor and facts showed that the individual controlled the judgment debtor).

As New York's Court of Appeals has explained, Debtors' "intangible" ownership interest and contract right to control the Debtors' Entities constitute personal property that is subject to turnover. See Falor, 14 N.Y.3d at 314. ("defendants' ownership/membership interests in 22 out-of-state limited liability companies" were "akin to intangible contract rights" and thus constituted leviable "property").  Having established that all of the Debtor Entities are owned, in whole or in part, by Maxben or its alter ego, Dalpour, Three Amigos respectfully requests that the Court order the Debtor Entities turn over to Plaintiff sufficient money and property to satisfy the Judgment in full.

Finally, Three Amigos respectfully respects that the Court order Dalpour to turn over any funds in the TD Account to satisfy the Judgment.  Notably, it is irrelevant that TD Account may not be located in New York.  See Miller v. Doniger, 28 A.D.3d 405 (1st Dep't 2006) (applying CPLR 5225(a): the judgment debtor was "properly directed to turn over his out-of-State Wachovia account" to satisfy money judgment); Signature Bank v. HSBC Bank USA, N.A., 67 A.D.3d 917, 917, 889 N.Y.S.2d 242, 243 (2d Dep't 2009) (requiring judgment debtor to turn over the contents of out-of-state bank accounts jointly owned with non-debtors to judgment creditor); Gryphon Domestic VI, LLC v. APP Int'l Fin. Co., B.V., 41 A.D.3d 25, 31 (1st Dep't 2007) (requiring judgment debtor to turn over contents of Indonesian bank account to judgment creditor).

### III. DEBTORS SHOULD BE ORDERED TO TRANSFER THEIR INTERESTS IN THE DEBTOR ENTITIES TO PLAINTIFF

In the event that the Debtor Entities and the TD Account do not possess sufficient funds to pay the entirety of the Judgment, or the Debtor Entities fail to pay the Judgment, the Court should

order Debtors to execute all necessary instruments to transfer Debtors' stake in the Debtor Entities to Three Amigos.  See Gryphon at 40 (affirming turnover order requiring judgment debtor to execute all documents necessary to transfer its ownership interests in out-of-state subsidiaries and affiliates directly to the judgment creditor); Ebrahimzadeh, at 589 (affirming trial court's order requiring judgment debtor to turn over its membership interest in non-party Wyoming LLC to the judgment debtor and reasoning: the judgment debtor "did not deny that he owned [the LLC]"). There is no question that the Court has the authority to enter such an order: "CPLR 5240 grants the [C]ourt broad discretionary power" to fashion a turnover order requiring the Guarantor to execute a deed transferring the Albany Property to USIP. See Sweeney, Cohn, Stahl & Vaccaro v. Kane, 33 A.D.3d 785, 787 (2d Dep't 2006).  Should Debtors and Debtors' Entities fail to provide the money necessary to satisfy the Judgment in full, Plaintiff respectfully submits that requiring Debtors to turn over their interest in the Debtor Entities is the only manner in which Plaintiff will be able to collect on the Judgment in the future.

### IV. PLAINTIFF SHOULD BE AWARDED ITS ATTORNEYS' FEES AND COSTS FOR MAKING THIS MOTION

Finally, Three Amigos respectfully requests that the Court order Debtors to pay Plaintiff's attorneys' fees incurred in connection with this motion.  Debtors have repeatedly refused to comply with their post-judgment discovery obligations forcing Three Amigos to seek judicial intervention. Debtors have similarly made it clear that they will never turn over information about their assets and finances such that a turnover motion was Plaintiff's only remaining option.  Debtors should not be permitted to flout the rules of discovery in this manner and Plaintiff should be awarded its fees as a result.

## **CONCLUSION**

For the foregoing reasons, the Court should grant Plaintiff's motion for a turnover order and award any additional relief as it deems just and proper.

Dated: May 14, 2024

                                          Respectfully submitted,

                                          **SCHULMAN BHATTACHARYA, LLC**

By:   /s/ Koushik Bhattacharya
        Jeremy W. Schulman (NYSB No. 2864494)
        Koushik Bhattacharya (NYSB No. 5936000)
        6116 Executive Blvd, Suite 425
        North Bethesda, Maryland 20852

        and

        240 West 40th Street, 2nd Floor
        New York, New York 10018
        Tel: (240) 356-8551
        E-mail: jschulman@schulmanbh.com
                  kbhattacharya@schulmanbh.com

        *Counsel for Plaintiff Three Amigos Holdings, LLC*