**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

THREE AMIGOS HOLDINGS, INC.,

                    *Plaintiff,*

            v.

MAXBEN HOLDINGS, LLC,

                    *Defendants.*

Case No. 1:23-cv-08798-DLC

---

**DEFENDANT MAXBEN HOLDING, LLC'S MEMORANDUM OF LAW IN
OPPOSITION TO PLAINTIFF'S ORDER TO SHOW CAUSE FOR AN ORDER
DIRECTING A TURNOVER OF ASSETS**

---

## <u>TABLE OF CONTENTS</u>

**PRELIMINARY STATEMENT** ................................................................................................. 1

**ARGUMENT** ........................................................................................................................ 1

    **I.**       **PLAINTIFF HAS NOT CARRIED ITS BURDEN TO DEMONSTRATE ITS ENTITLEMENT TO ANY KIND OF TURNOVER ORDER.** ............................... 1

        A.      Plaintiff has not shown any basis for piercing the corporate veil to establish that Idin Dalpour is personally liable for its judgment against Maxben. ........................ 2

        B.      Plaintiff has not shown any basis for ordering multiple non-party corporations (referred to as "Debtor Entities") to pay the judgment. ........................................... 5

        C.      Plaintiff has not shown any basis for ordering Mr. Dalpour to assign shares in corporations he owns individually to Plaintiff. ......................................................... 6

        D.      Plaintiff is not entitled to attorneys' fees. ................................................................. 8

## <u>TABLE OF AUTHORITIES</u>

C<small>ASES</small>

*Advanced Video Techs. LLC v. HTC Corp.*,
   2019 WL 4198769 (S.D.N.Y. Aug. 12, 2019) ................................................................. 2, 4, 5

*Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*,
   126 F. Supp. 3d 388 (S.D.N.Y. 2015) ......................................................................................... 6

*AXGINC Corp. v. Plaza Automall, Ltd.*,
   2018 WL 4771886 (E.D.N.Y. Oct. 2, 2018) ............................................................................. 7

*Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Com.*,
   21 N.Y.3d 55 (2013) ..................................................................................................................... 6

*Gonzalez v. City of New York*,
   8 N.Y.S.3d 290 (1st Dept. 2015) ................................................................................................ 3

*HBE Leasing Corp. v. Frank*,
   48 F.3d 623 (2d Cir. 1995) .......................................................................................................... 4

*In re Navigator Gas Transport PLC*,
   358 B.R. 80 (S.D.N.Y. 2006) ...................................................................................................... 7

*Love v. Rebecca Dev., Inc.*,
   56 A.D.3d 733, 868 N.Y.S.2d 125 (2d Dept. 2008) ................................................................ 3

*MAG Portfolio Consult, GMBH, v. Merlin Biomed Grp. LLC*,
   268 F.3d 58 (2d Cir. 2001) ..................................................................................................... 3, 4

*Morris v. State Dep't of Taxation & Fin.*,
   82 N.Y.2d 135, 141, 623 N.E.2d 1157 (1993) ......................................................................... 2

*Motorola Credit Corp. v. Uzan*,
   388 F.3d 39 (2d Cir. 2004) .......................................................................................................... 2

*Motorola Credit Corp. v. Uzan*,
   739 F. Supp. 2d 636 (S.D.N.Y. 2010) ....................................................................................... 4

*United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*,
   988 F. Supp. 367 (S.D.N.Y. 1997) ........................................................................................ 6, 7

## PRELIMINARY STATEMENT

Defendant Maxben Holdings, LLC ("Maxben" or "Defendant") by its attorneys, Thompson & Skrabanek, PLLC, submits this memorandum of law in opposition to the application of Plaintiff and Judgment Creditor Three Amigos Holdings, Inc. ("Plaintiff") for a turnover order of certain assets as further detailed therein (ECF 25-27, "Plaintiff's Motion").

## ARGUMENT

Plaintiff's Motion glibly ignores the entire body of law that governs the differentiation between corporations and their owners. Plaintiff seems to view the corporate veil as a scrap of gossamer, a fig leaf that can be easily brushed away anytime a judgment debtor is unable to pay a judgment.

Plaintiff's Motion asks the Court to pierce the veil *twice*. It argues that its judgment in this breach of contract case should now extend to Defendant's individual owner—Idin Dalpour—solely because Mr. Dalpour has identified himself as Defendant's "sole member". Plaintiff then goes even further to argue that it should be entitled to an order compelling Mr. Dalpour to assign his interests in various other non-party corporations, without any evidence about who else might own an interest in the corporations, or whether such interests are in fact assignable by law.

Plaintiff's Motion has entirely failed to meet the applicable burden for any turnover order, much less an order that extends to nonparties.

## I.    PLAINTIFF HAS NOT CARRIED ITS BURDEN TO DEMONSTRATE ITS ENTITLEMENT TO ANY KIND OF TURNOVER ORDER.

Plaintiff observes that Mr. Dalpour is Maxben's "sole member" and that "Under New York law, judgment creditors can seek turnover orders against alter egos of a judgment debtor to the same extent as they can seek turnover orders against the judgment debtors directly," (Plaintiff's Memorandum of Law (ECF 25, "Mot."), at 8) and it has carried its burden for a turnover order of

1

assets possessed by Mr. Dalpour individually. This completely ignores the substance of applicable law pertaining to this scenario. Being the "sole member" of an LLC is simply not the same as being an "alter ego" so as to justify a piercing of the corporate veil. For this reason, among several others detailed below, Plaintiff's motion should be denied.

  **A.  Plaintiff has not shown any basis for piercing the corporate veil to establish that Idin Dalpour is personally liable for its judgment against Maxben.**

  Plaintiff claims that it has established that Mr. Dalpour is an "alter ego" by providing court documents wherein Mr. Dalpour states that he is "sole member" to Maxben and signs "On behalf of Maxben Holding, LLC." Mot., at 8 (citing Exhibit A, J, and G). This evidence is so insufficient that it cannot even be described as partial support for a veil-piercing claim.

  Under New York law as interpreted by the Second Circuit, "the concepts of piercing the corporate veil and alter ego are, at least as a practical matter, identical." *See, e.g., Advanced Video Techs. LLC v. HTC Corp*., No. 11 CIV. 06604 (CM), 2019 WL 4198769, at *13 (S.D.N.Y. Aug. 12, 2019) (internal citations omitted).

  In New York, piercing the corporate veil generally requires a showing that: "(1) the owners exercised complete domination of the corporation in respect to the transaction attacked; and (2) that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury." *Morris v. State Dep't of Taxation & Fin.,* 82 N.Y.2d 135, 141, 623 N.E.2d 1157, 603 N.Y.S.2d 807 (1993); *see also Motorola Credit Corp. v. Uzan*, 388 F.3d 39, 61 (2d Cir. 2004). "While complete domination of the corporation is the key to piercing the corporate veil, especially when the owners use the corporation as a mere device to further their personal rather than the corporate business, such domination, standing alone, is not enough; some showing of a wrongful or unjust act toward plaintiff is required." *Id*. at 141-42. Thus, "[t]he party seeking to pierce the corporate veil must further establish that the controlling corporation abused the privilege of doing

business in the corporate form to perpetrate a wrong or injustice against that party such that a court

in equity will intervene." *Love v. Rebecca Dev., Inc.*, 56 A.D.3d 733, 868 N.Y.S.2d 125, 126 (2d

Dept. 2008).

A party seeking to piece the corporate veil bears a "heavy burden." *Id.* (quoting *TNS*

*Holdings, Inc. v. MKI Sec. Corp.*, 92 N.Y.2d 335, 339 (1998)). Among the many factors to weigh

in determining whether veil-piercing is appropriate, courts consider:

> (1) disregard of corporate formalities; (2) inadequate capitalization;
> (3) intermingling of funds; (4) overlap in ownership, officers,
> directors, and personnel; (5) common office space, address and
> telephone numbers of corporate entities; (6) the degree of discretion
> shown by the allegedly dominated corporation; (7) whether the
> dealings between the entities are at arms length; (8) whether the
> corporations are treated as independent profit centers; (9) payment
> or guarantee of the corporation's debts by the dominating entity, and
> (10) intermingling of property between the entities.

*MAG Portfolio Consult, GMBH, v. Merlin Biomed Grp. LLC,* 268 F.3d 58, 63 (2d Cir. 2001).

The CPLR requires that post-judgment veil-piercing claims be brought in a "special

proceeding" wherein a state court must "conduct a trial on disputed issues of fact on adverse claims

in a turnover matter." *Gonzalez v. City of New York*, 8 N.Y.S.3d 290, 291 (1st Dept. 2015) ("It is

settled that a special proceeding is subject to the same standards and rules of decision as apply on

a motion for summary judgment, requiring the court to decide the matter 'upon the pleadings,

papers and admissions to the extent that no triable issues of fact are raised.").

Although federal courts do not require initiation of a separate "special proceeding" docket[1],

they have noted this procedure in emphasizing the gravity of the burden to succeed on a post-

---

[1] *See, e.g.,* HTC Corp., 2019 WL 4198769, at *10 ("Given that federal law does not contemplate a 'special proceeding,'
a party proceeding in federal court under § 5225(b) may seek to obtain money judgment against a non-party garnishee
by motion and need not commence a special proceeding, as long as the court has personal jurisdiction over the
garnishee.") (citations omitted).

judgment veil-piercing motion. *See, e.g., HBE Leasing Corp. v. Frank,* 48 F.3d 623, 633 (2d Cir. 1995) (holding that in applying CPLR § 5225(b) which is "applicable in the District Court via Fed. R. Civ. P. 69(a)" a court may grant summary relief where there are no questions of fact, but "it must conduct a trial on disputed issues of fact on adverse claims in a turnover matter."). *Merlin Biomed Grp. LLC*, 268 F.3d 58, 64 (remanding veil-piercing ruling where trial court's hearing was "very brief and involved precious little fact finding, while our case law teaches determining whether to pierce the corporate veil is a very fact specific inquiry involving a multitude of factors"); *HTC Corp.*, 2019 WL 4198769, at *13 ("Veil-piercing is a highly fact-specific inquiry, and each person (or entity) must be assessed on an individualized basis . . . courts rarely make veil-piercing determinations without holding an evidentiary hearing.").

  Here, in lieu of establishing or even discussing any of the ten-plus factors to consider in reviewing a veil-piercing application, Plaintiff simply concludes that an LLC's "sole member" must be its alter ego under New York law. This is glaringly insufficient.

  Plaintiff cites *Motorola Credit Corp. v. Uzan,* but entirely ignores the substance of the opinion. 739 F. Supp. 2d 636, 641 (S.D.N.Y. 2010).  In that case the Court diligently applied the "heavy burden" applicable for veil-piercing, but was dealing with a far more robust evidentiary ruling, including the judgment debtor's public statements which essentially admitted to having undertaken a fraudulent conveyance. *Id.* at 639, n. 1 ("I felt that the shares in my companies were in jeopardy in Turkey. For that reason, in order to ensure that they would be safe, I founded Libananco and had the shares in question transferred to the new company.").

The only of Mr. Dalpour's assets which Plaintiff's Motion identifies with any specificity is a brokerage account in the name of Mr. Dalpour and his wife.  For the reasons above, a turnover order for this account should not be permitted.[2]

### B.   Plaintiff has not shown any basis for ordering multiple non-party corporations (misleadingly referred to as "Debtor Entities") to pay the judgment.

Plaintiff then—in a terse paragraph that references no admissible evidence—asks the Court to order a slew of non-party companies to pay its judgment. Mot. at 9 ("Having established that all of the Debtor Entities are owned, in whole or in part, by Maxben or its alter ego, Dalpour, Three Amigos respectfully requests that the Court order the Debtor Entities turn over to Plaintiff sufficient money and property to satisfy the Judgment in full."). Again, this request is startlingly unconcerned with the applicable law and the facts.

Plaintiff apparently relies on Defendant's responses to its interrogatory requests—Exhibit G to Plaintiff's Motion—for this finding. But these requests were objected to by Defendant because they did not differentiate at all between the Defendant and Mr. Dalpour. *See* Ex. G ("Identify all business entities, including but not limited to limited liability companies, corporations, partnerships, limited partnerships, and sole proprietorships, *in which You or Maxben* have previously held or now hold an ownership interest of 1% or more.") (emphasis added). Defendant only answered subject to this objection. Ex. G ("Judgment Debtor objects to this request to the extent it is directed to parties that are not subject to the judgment at issue. Subject to this objection, Maxben responds as follows…").

---

[2] It should also be noted that the account had a value of $38.85 in August 2023, as stated on Plaintiff's own submissions. *See* ECF 25-1, Ex. K.

Once again, Plaintiff seems to pathologically ignore the fact that corporate entities are treated as distinct from their owners.

### C.     Plaintiff has not shown any basis for ordering Mr. Dalpour to assign shares in corporations he owns individually to Plaintiff.

Plaintiff's Motion also asks the Court to order "Debtor Entities"—a term that problematically refers to the Defendant and non-party Idin Dalpour—to "execute all necessary instruments to transfer Debtors' stake in the Debtor Entities to [Plaintiff]." Mot. at 10. There are several reasons why this request must be denied.

First, these entities are not owned by the Defendant, and for all the reasons detailed in Section I.A above, Plaintiff has not pierced the corporate veil to attach its judgment to Mr. Dalpour personally (which it needs to do before it can pierce the veil again to reach other entities in which he owns an interest). This is not a situation like that in *Motorola Credit Corp. v. Uzan* (739 F. Supp. 2d at 641), wherein a judgment had already been entered against the individual owners of the target nonparty corporation.

Second, such a ruling would require that the Court has jurisdiction over these entities, which is clearly does not at this time, given that none of them have been served. *See, e.g.,* HTC Corp., 2019 WL 4198769, at *10 (detailing how a party proceeding in federal court under CPLR § 5225(b) may seek to obtain money judgment against a non-party garnishee by motion "as long as the court has personal jurisdiction over the garnishee" which requires valid service).

Third, a turnover order compelling a debtor to furnish its rights in a corporate entity is complex and not permissible in every case, and certainly not with the glaring lack of specificity and evidence about jurisdictional considerations, co-ownership, etc. Courts have also consistently held that "possession" in the context of CPLR § 5225 does not automatically extend to "constructive possession" as might be found through a corporate parent-subsidiary relationship. In

6

other words, even where a direct parent-subsidiary relationship is clearly established on the record, CPLR § 5225(b) does not authorize courts to simply assume that a subsidiary is jointly and severally liable for its parent corporation's assets. *See Am. Federated Title Corp. v. GFI Mgmt. Servs., Inc.*, 126 F. Supp. 3d 388, 400 (S.D.N.Y. 2015) (noting that "[a] judgment creditor may raise several types of claims within a special proceeding" such as fraudulent conveyances, veil-piercing, and alter ego claims, but that "§ 5225(b) does not permit a plaintiff to recover property held by a defendant corporation's non-party subsidiary based merely on a showing that the defendant corporation constructively possesses the property.") *aff'd*, 716 F. App'x 23 (2d Cir. 2017), *and aff'd*, 716 F. App'x 23 (2d Cir. 2017); *see also Commonwealth of N. Mariana Islands v. Canadian Imperial Bank of Com.*, 21 N.Y.3d 55, 61, 990 N.E.2d 114, 118 (2013) (holding that 5225(b)'s definition of "possession or custody" requires actual, rather than constructive, possession) (relied on in *Am. Federated Title Corp.*).

Both state and federal courts applying New York law have consistently denied turnover motions where the judgment creditor tries to take the assets of a subsidiary corporation without raising and proving a veil-piercing or fraudulent conveyance claim. *See United Intern. Holdings, Inc. v. Wharf (Holdings) Ltd.*, 988 F. Supp. 367, 374 (S.D.N.Y. 1997) (denying judgment creditor's turnover motion for failing to show that judgment debtor, which was not an intended third-party beneficiary to a contract between a bank and the judgment debtor's wholly owned subsidiary, had an interest in funds that belonged to the subsidiary but were deposited into the judgment debtor's account to be held on the subsidiary's behalf); *In re Navigator Gas Transport PLC*, 358 B.R. 80, 88 (S.D.N.Y. 2006) (denying turnover motion for movant's failure to prove that the judgment debtor had an interest in property at issue). Such courts have also denied turnover motions where

judgment debtors, garnishees, or transferees have not had opportunity to respond with evidence. *See AXGINC Corp. v. Plaza Automall, Ltd.,* 2018 WL 4771886, at *5 n.8 (E.D.N.Y. Oct. 2, 2018).

In conclusion, in addition to a serious deficit of evidence to support its allegations, Plaintiff is trying to end-run multiple layers of procedure and extensive evidentiary showings that would be required if were to proceed on a theory of alter ego liability, veil-piercing, or fraudulent conveyance to transfer corporate assets owned by a Defendant's individual owners' other corporate holdings.

**D.    Plaintiff is not entitled to attorneys' fees.**

Plaintiff's Motion egregiously disregards both the substantive and procedural law that applies to turnover applications and piercing of the corporate veil. Its wholesale neglect of the actual requirements that apply in this context border on frivolousness. Plaintiff laments "that a turnover motion was Plaintiff's only remaining option" (Mot. at 10) without mentioning that it never filed a motion to compel the discovery it requires or undertook third party discovery to try to prove its veil-piercing allegations by other means.

## CONCLUSION

For the reasons set forth above, it is respectfully requested that the Court (1) deny Plaintiff's motion for a turnover, (2) vacate Plaintiff's restraining notice, and (3) grant such further relief that this Court deems necessary.


New York, New York
Dated: May 21, 2024


John J. Thompson, Esq.
THOMPSON & SKRABANEK, PLLC
515 Madison Avenue, 31st Floor

8

New York, NY 10022
jt@ts-firm.com

*Attorneys for Defendant and
Judgment Debtor Maxben Holdings,
Inc.*