```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------- X
                                          :
THREE AMIGOS HOLDINGS, INC.,              :
                    Plaintiff,            :
                                          :        23cv8798(DLC)
             -v-                          :
                                          :        MEMORANDUM
MAXBEN HOLDINGS, LLC,                     :        OPINION AND
                    Defendant.            :           ORDER
                                          :
                                          :
----------------------------------------- X
```

APPEARANCES:

For plaintiff:
Koushik Bhattacharya
Jeremy W. Schulman
Schulman Bhattacharya, LLC
6116 Executive Blvd, Suite 425
North Bethesda, Maryland 20852

For defendant:
John J. Thompson, Esq.
Thompson & Skrabanek, PLLC
515 Madison Avenue, 31st Floor

DENISE COTE, District Judge:

On May 15, 2024, the plaintiff filed a motion for a turnover order. For the following reasons, the motion is granted in part.

## Background

This action was removed from New York State court on October 6, 2023. The plaintiff Three Amigos Holdings, Inc. ("Three Amigos") had filed a motion for summary judgment in lieu

of complaint alleging, in brief, that the defendant Maxben Holdings, LLC ("Maxben") had failed to repay a loan and owed unpaid principal and late fees.  Three Amigos also sought attorneys' fees.

On December 14, 2023, the motion for summary judgment was granted.  Judgment was entered against the defendant in the amount of $511,797.50.  Judgment was also entered as to liability for the plaintiff's attorneys' fees.  The parties stipulated to attorneys' fees in the amount of $38,000.  On January 11, 2024, judgment was entered against the defendant in the amount of $38,000 for the stipulated attorneys' fees.

The defendant has not paid the judgment.  On May 15, Three Amigos filed this motion for a turnover order.  Three Amigos asserts that Maxben is wholly owned by Idin Dalpour, Maxben's sole member.  The plaintiff has identified numerous entities that it asserts are owned in whole or in part by Maxben and Dalpour, as well as an investment account controlled by Dalpour. It seeks funds from these entities and this investment account sufficient to satisfy the Judgment; if the entities and the investment account do not possess sufficient funds to satisfy the Judgment, it seeks a transfer of Maxben and Dalpour's ownership interests in the entities to Three Amigos.

On May 21, the defendant opposed the motion for a turnover order. The motion was fully submitted on May 22.

## Discussion

Under Fed. R. Civ. P. 69(a)(1), proceedings "in aid of judgment or execution" must accord with "the procedure of the state where the court is located." The plaintiffs seek a turnover under N.Y. CPLR § 5225(a) or (b). N.Y. CPLR § 5225(a) governs turnover proceedings involving property in the possession of the judgment debtor:

> Where it is shown that the judgment debtor is in possession or custody of money or other personal property in which he has an interest, the court shall order that the judgment debtor pay the money, or so much of it as is sufficient to satisfy the judgment, to the judgment creditor and, if the amount to be so paid is insufficient to satisfy the judgment to deliver any other personal property, or so much of it as is of sufficient value to satisfy the judgment, to a designated sheriff.

N.Y. CPLR § 5525(a). To obtain a turnover order pursuant to CPRL § 5225(a), a judgment creditor must establish that the judgment debtor is in possession or custody of money that could be used to satisfy the judgment.

Maxben has admitted to having an ownership interest in six of the entities identified by the plaintiff. These entities are Cornelia Street Investors, LLC; CHS Investors, LLC; 1222 St. Paul Management, LLC; SD Texas I, LLC; SD Texas II, LLC; and PJA Capital Fund I, LLC ("Six Entities"). The plaintiff asserts

that the remaining identified entities are owned, in whole or in part, by Dalpour.  It seeks to obtain turnover of Dalpour's interest in these entities on the theory that Dalpour is the alter ego of Maxben.

The plaintiff, however, has not made this showing.  Under New York law, a party seeking to pierce the corporate veil must show "both domination of the corporation and that such domination was used to commit a fraud or wrong against the plaintiff which resulted in plaintiff's injury."  New York State Elec. and Gas Corp. v. FirstEnergy Corp., 766 F.3d 212, 229 (2d Cir. 2014) (citation omitted).  Domination on its own is not sufficient; "it must be accompanied by a showing of wrongful or unjust action toward the plaintiff."  Id. (citation omitted).  Three Amigos has not demonstrated the fraud or wrongdoing against the plaintiff that would justify piercing the corporate veil.

The plaintiff relies on authority suggesting that it has no duty to show fraud when it seeks to pierce the corporate veil.  The Second Department explained that a finding of fraud is not necessary when a corporation has been "so dominated by an individual or another corporation and its separate entity so ignored that it primarily transacts the dominator's business instead of its own and can be called the other's alter ego."

4

Olivieri Const. Corp. v. WN Weaver St., LLC, 441 N.Y.S.3d 59, 62 (2d Dep't 2016). In applying New York law, this Court's task is to predict how the New York Court of Appeals would define the test for piercing the corporate veil. Chufen Chen v. Dunkin' Brands, Inc., 954 F.3d 492, 497 (2d Cir. 2020). Even if this Court found that the New York Court of Appeals would adopt the exception set out in Olivieri, the plaintiff has not demonstrated that Maxben's separate entity has been so ignored that it primarily transacts Dalpour's business instead of its own.

## Conclusion

The plaintiff's May 15, 2024 motion for a turnover order is granted in part. The defendant shall turn over by June 7, 2024 its ownership interest in the Six Entities to the plaintiff. The plaintiff's motion for attorneys' fees is denied without prejudice to renewal after the conclusion of turnover proceedings.

Dated:   New York, New York
         May 24, 2024

_____
DENISE COTE
United States District Judge