**SCHULMANBHATTACHARYA**   6116 Executive Boulevard, Suite 425, North Bethesda, Maryland 20852 240.356.8550

**KOUSHIK BHATTACHARYA**
direct dial 240.356.8552   email kbhattacharya@schulmanbh.com

June 7, 2024

<u>VIA ECF</u>

The Honorable Denise L. Cote
United States District Court
Southern District of New York
500 Pearl Street, Room 18B
New York, NY 10007

Re:   <u>Three Amigos Holdings, Inc., v. Maxben Holdings LLC 23-cv-08798 (DLC)</u>

Dear Judge Cote:

We represent Plaintiff Three Amigos Holdings, Inc. ("<u>Three Amigos</u>" or "<u>Plaintiff</u>") in the above-referenced case. We write in opposition to the letter motion submitted by Defendant Maxben Holdings LLC ("<u>Maxben</u>" or "<u>Defendant</u>") last night, requesting leave to file an affidavit in connection with Maxben's anticipated motion for reconsideration of the Court's May 24, 2024 decision partially granting Plaintiff's request for a turnover order ("the <u>Turnover Order</u>"). For the reasons set forth below, Maxben's application should be denied.

As a threshold matter, "[a] motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." <u>Atas v. New York Times Co.</u>, No. 22 Civ. 853 (JPO), 2023 WL 8355376, at *1 (S.D.N.Y. Dec. 1, 2023) (citation and quotation omitted). In order to prevail on a motion for reconsideration, "the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision." <u>Ramirez v. United States</u>, No. 98 CRIM. 927, 2012 WL 753763, at *1 (S.D.N.Y. Mar. 7, 2012). Importantly, as it applies here, a motion for reconsideration is not an opportunity for a party to "re-litigate an already decided issue . . . because a mere disagreement with the Court's legal determination is not a valid basis for reconsideration." <u>Women's Integrated Network, Inc. v. U.S. Specialty Ins. Co.</u>, No. 08-CV-10518 (LAP), 2011 WL 1347001, at *1 (S.D.N.Y. Apr. 4, 2011) (internal quotations and citations omitted). It is apparent from Defendant's letter that this is precisely the basis for its motion for reconsideration – because it is unhappy with the Turnover Order.

As Defendant notes, the Local Rules for the Southern District of New York do not permit parties to normally submit an affidavit in connection with a motion for reconsideration. The reason for this rule is simple: "Because the motion [for reconsideration] does not afford the losing party the right to submit new evidence to bolster relief, parties are not to submit affidavits in support of a

**SCHULMAN**BHATTACHARYA

Hon. Denise L. Cote
June 7, 2024
Page | 2

Rule 6.3 motion for reconsideration." First Fin. Ins. Co. v. Allstate Interior Demolition Corp., No. 96 CIV. 8243 (RLC), 1998 WL 567900, at *3 (S.D.N.Y. Sept. 3, 1998).

In the instant case, Defendant's application to submit an affidavit in support of its motion for reconsideration is improper. If Defendant believed such an affidavit was necessary, it had ample opportunity to submit any evidence contained therein with its opposition papers to Plaintiff's motion for a turnover order. Maxben made the decision not to do so and cannot use a motion for reconsideration as a means of curing its tactical errors.

Additionally, to the extent that the affidavit merely restates Defendant's claim that Dalpour, and not Maxben, owns the entities that were required to be turned over, such an affidavit would not be sufficient to warrant reconsideration of the Turnover Order. This issue was already addressed in both Defendant's opposition to Plaintiff's motion for a turnover order and Plaintiff's reply papers. Furthermore, there are three reasons that Defendant's claims that Maxben's post-judgement information subpoena responses indicate that Dalpour, and not Maxben, owned interests in the entities subject to the Turnover Order should be rejected. See ECF No. 25-8 at pp. 3-4.

First, contrary Defendant's claim that the information subpoena response was made on behalf of both Maxben *and* Dalpour, the response, on its face, objects to the extent that the subpoena requests information about "parties that are not subject to judgment at issue" and proceeds to answer on behalf of Maxben alone. Id. (stating that "**Maxben responds as follows**") (emphasis added). Second, the fact that the information subpoena identifies entities owned by Maxben, rather than Dalpour, is confirmed by the fact that Dalpour identified several additional entities in which he maintains an ownership interest in response to a separate information subpoena propounded on him. Compare id. with ECF No. 31-2 at p. 5. If, as Maxben now claims, Dalpour was identifying entities that he owned in both subpoena responses, then his answers would have been identical.[1] That the two subpoenas identify two distinct sets of entities conclusively undermines Maxben's claim that it does not own an interest in the entities to be turned over. Third, although Dalpour provided the answers to the information subpoena, he did not do so in his individual capacity, but "on behalf of Maxben Holdings, LLC." ECF No. 25-8 at pp. 1, 4.

As a result of the foregoing, Plaintiff respectfully requests that the Court deny Defendant's request to submit an affidavit in connection with its motion for reconsideration and to extend the deadline for the filing of the motion.

Sincerely,
/s/
Koushik Bhattacharya

---

[1] It is important to note that Dalpour "swore" to the accuracy of the responses contained in the information subpoena directed at Maxben. ECF No. 25-8 at p. 1. Of course, he cannot contradict one sworn statement (the information subpoena responses) with another (the proposed affidavit) in hopes that the Court will reject the former.